**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: UBIQUITI NETWORKS, INC. SECURITIES LITIGATION. _____ INTER-LOCAL PENSION FUND GCC/IBT; BRISTOL COUNTY RETIREMENT SYSTEM, lead Plaintiffs, on behalf of themselves and all others similarly situated,           Plaintiffs-Appellants, v. UBIQUITI NETWORKS, INC.; ROBERT J. PERA; JOHN RITCHIE; PETER Y. CHUNG; CHRISTOPHER J. CRESPI; CHARLES J. FITZGERALD; JOHN L. OCAMPO; ROBERT M. VAN BUSKIRK; UBS SECURITIES, LLC; DEUTSCHE BANK SECURITIES, INC.; RAYMOND JAMES & ASSOCIATES, INC.; PACIFIC CREST SECURITIES, INC.,           Defendants-Appellees. | No. 14-15962 D.C. No. 4:12-cv-04677-YGR MEMORANDUM[*] |

Appeal from the United States District Court

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted August 10, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[**] District Judge.

In this class action brought by purchasers of stock of Defendant Ubiquiti Networks, Inc., Plaintiffs appeal the district court's dismissal of their complaint alleging various violations of the federal securities laws against Ubiquiti and its officers. Reviewing de novo, *Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009), we affirm in part, reverse in part, and remand for further proceedings.

1. The district court erred by dismissing Count I, which alleges a violation of Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k. "To prevail in such an action, a plaintiff must prove (1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *Rubke*, 551 F.3d at 1161 (internal quotation marks omitted). Construing Plaintiffs' allegations in the light most favorable to Plaintiffs, *Daniels-*

---

[**] The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

2

*Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), the registration statement misrepresented the true extent of counterfeiting and the misrepresentation would have misled a reasonable investor.[1]

    2.  The district court also erred in dismissing Count III, which alleges a violation of Section 15 of the Securities Act of 1933, 15 U.S.C. § 77o.  The court reasoned, correctly, that there can be no Section 15 violation without an underlying Section 11 violation.  Because we reverse the Section 11 dismissal, we also must reverse the dismissal of this claim.

    3.  The district court correctly dismissed Count IV, which alleges a violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b).  Unlike for a Section 11 claim, Plaintiffs must demonstrate "scienter" to establish a Section 10(b) claim.  *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).  Construing Plaintiffs' allegations in the light most favorable to Plaintiffs, *Daniels-Hall*, 629 F.3d at 998, the complaint fails to demonstrate that Defendants had sufficient knowledge of the misleading nature of the challenged statements.

---

[1] The district court ruled that the Section 11 claim "sounded in fraud" and was, therefore, subject to heightened pleading standard for fraud.  We need not reach that issue because the complaint states a plausible claim under either standard.

3

4.  The district court correctly dismissed Count V, which alleges a violation of Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t(a).  The court reasoned, correctly, that there can be no Section 20(a) violation without an underlying Section 10(b) violation.

**AFFIRMED in part, REVERSED in part, AND REMANDED.**  The parties shall bear their own costs on appeal.