1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  CHRISTOPHER P. SEEFER (201197)
    DANIEL J. PFEFFERBAUM (248631)
3  Post Montgomery Center
    One Montgomery Street, Suite 1800
4  San Francisco, CA  94104
    Telephone:  415/288-4545
5  415/288-4534 (fax)
    chriss@rgrdlaw.com
6  dpfefferbaum@rgrdlaw.com

7  LABATON SUCHAROW LLP
    JONATHAN GARDNER
8  MICHAEL P. CANTY
    ROGER W. YAMADA
9  140 Broadway, 34th Floor
    New York, NY  10005
10 Telephone:  212/907-0700
    212/818-0477 (fax)
11 jgardner@labaton.com
    mcanty@labaton.com
12 ryamada@labaton.com

13 Lead Counsel for Plaintiffs

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16 | In re UBIQUITI NETWORKS, INC. | ) | Master File No. 12-cv-04677-YGR
    | SECURITIES LITIGATION | ) |
17 | | ) | CLASS ACTION
    | | ) |
18 | This Document Relates To: | ) | STIPULATION REGARDING
    | | ) | CONFIDENTIALITY AND [PROPOSED]
19 |      ALL ACTIONS. | ) | PROTECTIVE ORDER
    | | ) |
20

21

22

23

24

25

26

27

28

1200808_3

1   **1.   PURPOSES AND LIMITATIONS**

2       Disclosure and discovery activity in this action are likely to involve production of

3   confidential, proprietary, or private information for which special protection from public disclosure

4   and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly,

5   the parties hereby stipulate to and petition the court to enter the following [Proposed] Stipulated

6   Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all

7   disclosures or responses to discovery and that the protection it affords from public disclosure and use

8   extends only to the limited information or items that are entitled to confidential treatment under the

9   applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that

10  this Stipulated Protective Order does not entitle them to file confidential information under seal;

11  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

12  applied when a party seeks permission from the court to file material under seal.

13  **2.   DEFINITIONS**

14      2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of

15  information or items under this Order.

16      2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is

17  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

18  Civil Procedure 26(c).

19      2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well

20  as their support staff).

21      2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it

22  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24      2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium

25  or manner in which it is generated, stored, or maintained (including, among other things, testimony,

26  transcripts, and tangible things), that are produced or generated in disclosures or responses to

27  discovery in this matter.

28

1    2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the
2  litigation, and their support staff, who has been retained by a Party or its counsel to serve as an
3  expert witness or as a consultant in this action.

4    2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:
5  extremely sensitive "Confidential" Information or Items, disclosure of which to another Party or
6  Non-Party would create a substantial risk of serious harm that could not be avoided by less
7  restrictive means.

8    2.8    House Counsel: attorneys who are employees of a party to this action.  House
9  Counsel does not include Outside Counsel of Record or any other outside counsel.

10    2.9    Non-Party: any natural person, partnership, corporation, association, or other legal
11  entity not named as a Party to this action.

12    2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action
13  but are retained to represent or advise a party to this action and have appeared in this action on
14  behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

15    2.11    Party: any party to this action, including all of its current and former officers,
16  directors, employees, consultants, retained experts, and Outside Counsel of Record (and their
17  support staffs).

18    2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material
19  in this action.

20    2.13    Professional Vendors: persons or entities that provide litigation support services (e.g.,
21  photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,
22  storing, or retrieving data in any form or medium) and their employees and subcontractors.

23    2.14    Protected Material: any Disclosure or Discovery Material that is designated as
24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

25    2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a
26  Producing Party.

27
28

1   **3.    SCOPE**

2           The protections conferred by this Stipulation and Order cover not only Protected Material (as

3   defined above), but also (1) any information copied or extracted from Protected Material; (2) all

4   copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

5   conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

6   However, the protections conferred by this Stipulation and Order do not cover the following

7   information: (a) any information that is in the public domain at the time of disclosure to a Receiving

8   Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

9   publication not involving a violation of this Order, including becoming part of the public record

10  through trial or otherwise; and (b) any information known to the Receiving Party prior to the

11  disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

12  information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

13  Protected Material at trial shall be governed by a separate agreement or order.

14  **4.    DURATION**

15          Even after final disposition of this litigation, the confidentiality obligations imposed by this

16  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

17  otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and

18  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

19  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

20  time limits for filing any motions or applications for extension of time pursuant to applicable law.

21  **5.    DESIGNATING PROTECTED MATERIAL**

22          5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

23  Non-Party that designates information or items for protection under this Order must take care to limit

24  any such designation to specific material that qualifies under the appropriate standards.  To the

25  extent practical to do so, the Designating Party must take care to designate for protection only those

26  parts of material, documents, items, or oral or written communications that qualify - so that other

27  portions of the material, documents, items, or communications for which protection is not warranted

28  are not swept unjustifiably within the ambit of this Order.

1       Indiscriminate or routinized designations are prohibited, although the designation of
2   substantially all of a Party's production of documents as Protected Material, if otherwise appropriate
3   under this Stipulated Protective Order, will not render such designation improper.  The Parties do not
4   wish to create undue complications with respect to the filing of documents with the Court, interfere
5   with preparation for trial, and otherwise unduly raise the costs of litigation, the Parties agree to
6   exercise good faith in responding to requests from a Requesting Party to de-designate material as
7   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," in
8   accordance with Section 6, below.  Documents publicly available in identical form, including press
9   releases, SEC filings, newspaper articles, internet postings and other media, shall not be designated,
10   and any such improper designation may be disregarded by the Receiving Party.  In addition, the
11   parties shall meet and confer in advance of any request to file documents under seal with this Court.

12       5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see,
13   e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or
14   Discovery Material that qualifies for protection under this Order must be clearly so designated
15   before the material is disclosed or produced.

16       Designation in conformity with this Order requires:

17       (a)   for information in documentary form (e.g., paper or electronic documents, but
18   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
19   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
20   ONLY" to each page that contains Protected Material.  If only a portion or portions of the material
21   on a page qualifies for protection, the Producing Party also must clearly identify the protected
22   portion(s) (e.g., by making appropriate markings in the margins).

23       A Party or Non-Party that makes original documents or materials available for inspection
24   need not designate them for protection until after the inspecting Party has indicated which material it
25   would like copied and produced.  During the inspection and before the designation, all of the
26   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
27   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants
28   copied and produced, the Producing Party must determine which documents, or portions thereof,

1 | qualify for protection under this Order.   Then, before producing the specified documents, the
2 | Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
3 | CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.
4 | If only a portion or portions of the material on a page qualifies for protection, the Producing Party
5 | also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
6 | margins).

7 |     (b)  for testimony given in deposition or in other pretrial or trial proceedings, that
8 | the Designating Party identify on the record, before the close of the deposition, hearing, or other
9 | proceeding, all protected testimony.   When it is impractical to identify separately each portion of
10 | testimony that is entitled to protection, and when it appears that substantial portions of the testimony
11 | may qualify for protection, the Designating Party may invoke on the record (before the deposition or
12 | proceeding is concluded) a right to have up to ten days to identify the specific portions of testimony
13 | as to which protection is sought and to specify the level of protection being asserted
14 | ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

15 |     Only those portions of the testimony that are appropriately designated for protection within
16 | the ten days shall be covered by the provision of this Stipulated Protective Order.   Alternatively, a
17 | Designating Party may specify, at the deposition or up to ten days afterwards if that period is
18 | properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY
19 | CONFIDENTIAL – ATTORNEYS' EYES ONLY."

20 |     (c)  for information produced in some form other than documentary and for any
21 | other tangible items, that the Producing Party affix in a prominent place on the exterior of the
22 | container or containers in which the information or item is stored the legend "CONFIDENTIAL" or
23 | "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the
24 | information or item warrant protection, the Producing Party, to the extent practicable, shall identify
25 | the protected portion(s).

26 |     5.3  <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to
27 | designate qualified information or items does not, standing alone, waive the Designating Party's
28 | right to secure protection under this Order for such material.   Upon timely correction of a

1  designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

2  accordance with the provisions of this Order.

3  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4      6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

5  confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

6  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

7  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

8  confidentiality designation by electing not to mount a challenge promptly after the original

9  designation is disclosed.

10     6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

11  by providing written notice of each designation by Bates number, document category or document

12  type that it is challenging and describing the basis for the challenge.  To avoid ambiguity as to

13  whether a challenge has been made, the written notice must recite that the challenge to

14  confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The

15  parties shall attempt to resolve each challenge in good faith and must begin the process by conferring

16  directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days

17  of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its

18  belief that the confidentiality designation was not proper and must give the Designating Party an

19  opportunity to review the designated material, to reconsider the circumstances, and, if no change in

20  designation is offered, to explain the basis for the chosen designation.  A Challenging Party may

21  proceed to the next stage of the challenge process only if it has engaged in this meet and confer

22  process first or establishes that the Designating Party is unwilling to participate in the meet and

23  confer process in a timely manner.

24     6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

25  intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding Discovery

26  and Discovery Motions.  The parties may file a joint letter brief regarding retaining confidentiality

27  within 14 days of the initial notice of challenge or within 7 days of the parties agreeing that the meet

28  and confer process will not resolve their dispute, whichever is earlier.  Failure by a Designating

1  Party to file such discovery dispute letter within the applicable 14- or 7-day period (set forth above)
2  with the Court shall automatically waive the confidentiality designation for each challenged
3  designation. If, after submitting a joint letter brief, the Court allows that a motion may be filed, any
4  such motion must be accompanied by a competent declaration affirming that the movant has
5  complied with the meet and confer requirements imposed in the preceding paragraph. The Court, in
6  its discretion, may elect to transfer the discovery matter to a Magistrate Judge.

7  In addition, the parties may file a joint letter brief regarding a challenge to a confidentiality
8  designation at any time if there is good cause for doing so, including a challenge to the designation
9  of a deposition transcript or any portions thereof. If, after submitting a joint letter brief, the Court
10 allows that a motion may be filed, any motion brought pursuant to this provision must be
11 accompanied by a competent declaration affirming that the movant has complied with the meet and
12 confer requirements imposed by the preceding paragraph. The Court, in its discretion, may elect to
13 refer the discovery matter to a Magistrate Judge.

14 The burden of persuasion in any such challenge proceeding shall be on the Designating Party.
15 Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary
16 expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the
17 Designating Party has waived the confidentiality designation by failing to file a letter brief to retain
18 confidentiality as described above, all parties shall continue to afford the material in question the
19 level of protection to which it is entitled under the Producing Party's designation until the court rules
20 on the challenge.

21 **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

22 7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
23 produced by another Party or by a Non-Party in connection with this case only for prosecuting,
24 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
25 the categories of persons and under the conditions described in this Order. When the litigation has
26 been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL
27 DISPOSITION).

28

1    Protected Material must be stored and maintained by a Receiving Party at a location and in a
2    secure manner that ensures that access is limited to the persons authorized under this Order.

3         7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered
4    by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any
5    information or item designated "CONFIDENTIAL" only to:

6         (a)     the Receiving Party's Outside Counsel of Record in this action, as well as
7    employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
8    information for this litigation;

9         (b)     the officers, directors, and employees (including House Counsel) of the
10   Receiving Party to whom disclosure is reasonably necessary for this litigation;

11        (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure
12   is reasonably necessary for this litigation and who have signed the "Acknowledgment and
13   Agreement to Be Bound" (Exhibit A);

14        (d)     the court and its personnel;

15        (e)     court reporters and their staff and Professional Vendors to whom disclosure is
16   reasonably necessary for this litigation;

17        (f)     professional jury or trial consultants, and mock jurors to whom disclosure is
18   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement
19   to Be Bound" (Exhibit A);

20        (g)     during their depositions, witnesses in the action to whom disclosure is
21   reasonably necessary.  The Designating Party may obtain a signed "Acknowledgment and
22   Agreement to Be Bound" (Exhibit A) at the deposition.  Pages of transcribed deposition testimony or
23   exhibits to depositions that reveal Protected Material must be separately bound by the court reporter
24   and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

25        (h)     the author or recipient of a document containing the information or a
26   custodian or other person who otherwise possessed or knew the information; and

27        (i)     mediators or arbitrators, and their support personnel, engaged by the parties
28   for settlement purposes in this Action.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) professional jury or trial consultants, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

1    (c)    cooperate with respect to all reasonable procedures sought to be pursued by
2    the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with the subpoena
4    or court order shall not produce any information designated in this action as "CONFIDENTIAL" or
5    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court
6    from which the subpoena or order issued, unless the Party has obtained the Designating Party's
7    permission. The Designating Party shall bear the burden and expense of seeking protection in that
8    court of its confidential material - and nothing in these provisions should be construed as authorizing
9    or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10   **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
             PRODUCED IN THIS LITIGATION**
11
12        (a)    The terms of this Order are applicable to information produced by a Non-
     Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
13
14   ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this
     litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions
15
16   should be construed as prohibiting a Non-Party from seeking additional protections.

17        (b)    In the event that a Party is required, by a valid discovery request, to produce a
     Non-Party's confidential information in its possession, and the Party is subject to an agreement with
18
19   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

20        (1)    promptly notify in writing the Requesting Party and the Non-Party that
     some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
21
22        (2)    promptly provide the Non-Party with a copy of the Stipulated
     Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific
23
24   description of the information requested; and

25        (3)    make the information requested available for inspection by the Non-
     Party.
26
27        (c)    If the Non-Party fails to object or seek a protective order from this court
28   within 14 days of receiving the notice and accompanying information, the Receiving Party may

1  produce the Non-Party's confidential information responsive to the discovery request.  If the Non-

2  Party timely seeks a protective order, the Receiving Party shall not produce any information in its

3  possession or control that is subject to the confidentiality agreement with the Non-Party before a

4  determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden

5  and expense of seeking protection in this court of its Protected Material.

6  **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

7          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

8  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

9  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

10  disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the Protected

11  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

12  terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and

13  Agreement to Be Bound" that is attached hereto as Exhibit A.

14  **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
15              **PROTECTED MATERIAL**

          When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
16

17  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

    are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to
18

19  modify whatever procedure may be established in an e-discovery order that provides for production

    without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
20

21  parties reach an agreement on the effect of disclosure of a communication or information covered by

    the attorney-client privilege or work product protection, the parties may incorporate their agreement
22

23  in the stipulated protective order submitted to the court.

24  **12.    MISCELLANEOUS**

          12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek
25

26  its modification by the court in the future.

          12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order
27

28  no Party waives any right it otherwise would have to object to disclosing or producing any

1 information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no
2 Party waives any right to object on any ground to use in evidence of any of the material covered by
3 this Protective Order.

4       12.3    Filing Protected Material. Without written permission from the Designating Party or
5 a court order secured after appropriate notice to all interested persons, a Party may not file in the
6 public record in this action any Protected Material. A Party that seeks to file under seal any
7 Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed
8 under seal pursuant to a court order authorizing the sealing of the specific Protected Material at
9 issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing
10 that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to
11 protection under the law. If a Receiving Party's request to file Protected Material under seal
12 pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the
13 information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by
14 the court.

15 **13.    FINAL DISPOSITION**

16       Within 60 days after the final disposition of this action, as defined in paragraph 4, each
17 Receiving Party must return all Protected Material to the Producing Party or destroy such material at
18 the discretion of the Receiving Party. As used in this subdivision, "all Protected Material" includes
19 all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of
20 the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party
21 must submit a written certification to the Producing Party (and, if not the same person or entity, to
22 the Designating Party) by the 60 day deadline that affirms: (1) all the Protected Material that was
23 returned or destroyed; and (2) the Receiving Party has not retained any copies, abstracts,
24 compilations, summaries or any other format reproducing or capturing any of the Protected Material.
25 Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,
26 motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,
27 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work
28 product, even if such materials contain Protected Material. Any such archival copies that contain or

1  constitute Protected Material remain subject to this Protective Order as set forth in Section 4

2  (DURATION).

3      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

4  DATED: March 3, 2017            ROBBINS GELLER RUDMAN
                                    & DOWD LLP
5                                   CHRISTOPHER P. SEEFER
                                    DANIEL J. PFEFFERBAUM
6

7
                                          s/Daniel J. Pfefferbaum
8                                       DANIEL J. PFEFFERBAUM

9                                   Post Montgomery Center
                                    One Montgomery Street, Suite 1800
10                                  San Francisco, CA  94104
                                    Telephone: 415/288-4545
11                                  415/288-4534 (fax)

12                                  LABATON SUCHAROW LLP
                                    JONATHAN GARDNER
13                                  MICHAEL P. CANTY
                                    ROGER W. YAMADA
14                                  140 Broadway, 34th Floor
                                    New York, NY  10005
15                                  Telephone: 212/907-0700
                                    212/818-0477 (fax)
16
                                    Lead Counsel for Plaintiffs
17

18  DATED: March 3, 2017            LATHAM & WATKINS LLP
                                    PETER A. WALD
19                                  GAVIN M. MASUDA

20
                                          s/Peter A. Wald
21                                      PETER A. WALD

22                                  505 Montgomery Street, Suite 2000
                                    San Francisco, CA  94111-6538
23                                  Telephone: 415/391-0600
                                    415/395-8095 (fax)
24

25                                  Attorneys for Defendants Ubiquiti Networks, Inc.,
                                    Robert J. Pera, John Ritchie, Peter Y. Chung,
26                                  Christopher J. Crespi, Charles J. Fitzgerald, John
                                    L. Ocampo and Robert M. Van Buskirk
27

28

1200808_3  STIPULATION REGARDING CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER -
           12-cv-04677-YGR                                                    - 13 -

DATED: March 3, 2017

GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER

s/Ethan D. Dettmer
ETHAN D. DETTMER

GIBSON, DUNN & CRUTCHER LLP
ETHAN D. DETTMER
NOAH STERN
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415/393-8200
415/393-8306 (fax)

Attorneys for Defendants UBS Securities LLC,
Deutsche Bank Securities Inc., Raymond James &
Associates, Inc. and Pacific Crest Securities LLC

**Certificate Pursuant to Local Rule 5-1(i)(3)**

I, Daniel J. Pfefferbaum, am the ECF User whose identification and password are being used to file the Stipulation Regarding Confidentiality and [Proposed] Protective Order. In compliance with Local Rule 5-1(i)(3), I hereby attest that Peter A. Wald and Ethan D. Dettmer have concurred in this filing.

Dated: March 3, 2017

s/Daniel J. Pfefferbaum
DANIEL J. PFEFFERBAUM

\* \* \*
**ORDER**

**IT IS SO ORDERED**.

DATED: __March 8, 2017__

THE HONORABLE YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER -
12-cv-04677-YGR

- 14 -

1
2

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____ [print or type full name], of _____

4   [print or type full address], declare under penalty of perjury that I have read in its entirety and

5   understand the Stipulated Protective Order that was issued by the United States District Court for the

6   Northern District of California on _____ in the case of *In re Ubiquiti Networks, Inc.*

7   *Securities Litigation*, Master File No. 12-cv-04677-YGR. I agree to comply with and to be bound by

8   all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

9   comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise

10  that I will not disclose in any manner any information or item that is subject to this Stipulated

11  Protective Order to any person or entity except in strict compliance with the provisions of this

12  Stipulated Protective Order.

13      I further agree to submit to the jurisdiction of the United States District Court for the

14  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15  Order, even if such enforcement proceedings occur after termination of this action.

16      I hereby appoint _____ [print or type full name] of

17  _____ [print or type full address and telephone number] as

18  my California agent for service of process in connection with this action or any proceedings related

19  to enforcement of this Stipulated Protective Order.

20

21  Date: _____

22  City and State where sworn and signed: _____

23

24  Printed name: _____

25

26  Signature: _____

27

28

1200808_3   STIPULATION REGARDING CONFIDENTIALITY AND [PROPOSED] PROTECTIVE ORDER -
12-cv-04677-YGR                                                                    - 15 -