UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE

IN RE UBIQUITI NETWORKS, INC. SECURITIES LIGITATION, ) NO. C 12-4677 YGR

PAGES 1 - 17

OAKLAND, CALIFORNIA
MONDAY, MARCH 6, 2017

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

**FOR PLAINTIFFS:** **ROBBINS, GELLER, RUDMAN & DOWD, LLP**
**ONE MONTGOMERY STREET, SUITE 1800**
SAN FRANCISCO, CALIFORNIA 94104
**BY: DANIEL J. PFEFFERBAUM, ESQUIRE**

AND

**LABATON SUCHAROW LLP**
140 BROADWAY
NEW YORK, NEW YORK 10005
**BY: MICHAEL CANTY, ESQUIRE**

FURTHER APPEARANCES ON NEXT PAGE.

REPORTED BY: KATHERINE WYATT, CSR NO. 9866

PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY; TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

**A P P E A R A N C E S (CONT'D.)**

**FOR DEFENDANT UBIQUITI NETWORKS ET AL.:**

**LATHAM & WATKINS LLP**
505 MONTGOMERY STREET
SUITE 2000
SAN FRANCISCO, CALIFORNIA 94111
**BY: GAVIN M. MASUDA, ESQUIRE**

**PETER A. WALD, ESQUIRE**

**FOR DEFENDANTS UBS SECURITIES ET AL.:**

**GIBSON, DUNN & CRUTCHER, LLP**

555 MISSION STREET, SUITE 3000

SAN FRANCISCO, CALIFORNIA 94105

**BY: ETHAN D. DETTMER, ESQUIRE**

**MEERA BHASKAR, ATTORNEY AT LAW**

MARCH 6, 2017 2:00 O'CLOCK P.M.

**P R O C E E D I N G S**

**THE CLERK:** WE'LL START WITH THE UBIQUITI NETWORKS CASE.

CALLING CIVIL ACTION 12-4677, IN RE: UBIQUITI NETWORKS, INC. SECURITIES LITIGATION.

COUNSEL, PLEASE COME FORWARD, AND STATE YOUR APPEARANCES.

**MR. PFEFFERBAUM:** GOOD AFTERNOON, YOUR HONOR. DAN PFEFFERBAUM FROM ROBBINS GELLER RUDMAN & DOWD HERE ON BEHALF OF PLAINTIFFS.

**MR. CANTY:** GOOD AFTERNOON, YOUR HONOR. MICHAEL CANTY HERE ON BEHALF OF BRISTOL COUNTY RETIREMENT SYSTEM AND THE CLASS.

**MR. WALD:** GOOD AFTERNOON, YOUR HONOR. PETER WALD AND GAVIN MASUDA ON BEHALF OF THE UBIQUITI DEFENDANTS.

**MR. DETTMER:** GOOD AFTERNOON, YOUR HONOR. ETHAN DETTMER FROM GIBSON DUNN ON BEHALF OF THE UNDERWRITER DEFENDANTS.

**MS. BHASKAR:** AND --

**THE COURT:** HOLD ON. HOLD ON. HOLD ON. ALL RIGHT. LATHAM & WATKINS' FOLKS MOVE TO THE MIDDLE MIC.

**MR. WALD:** OKAY.

**THE COURT:** OKAY. THEN I HAVE?

**MR. DETTMER:** SORRY, YOUR HONOR. ETHAN DETTMER FROM GIBSON DUNN ON BEHALF OF THE UNDERWRITERS AND MY COLLEAGUE IS

WITH ME.

**MS. BHASKAR:** MEERA BHASKAR ON BEHALF OF THE UNDERWRITERS.

**THE COURT:** OKAY. I THINK I HAVE 11 PAGES OF APPEARANCES. I JUST LIKE TO KEEP YOU ALL STRAIGHT WHICH IS WHY I DO IT THIS WAY.

ALL RIGHT. BACK FROM THE NINTH CIRCUIT. HOPE YOU ENJOYED YOUR TRIP. I GUESS YOU ENJOYED IT PARTIALLY ON BOTH SIDES.

DISTRICT JUDGES SAY:

"WE DON'T CARE EXACTLY WHAT THEY DO AS LONG AS THEY TELL US WE DON'T HAVE TO RETRY CASES. OTHERWISE, THEY CAN DO WHAT THEY WANT TO DO. WE HAVE PLENTY OF WORK."

BUT HERE WE ARE. SO THIS IS BACK, BUT NOT AS WIDE AS IT WAS. AT LEAST, ACCORDING TO THE REQUEST FOR APPEAL. SO I'M HAPPY TO GIVE YOU TIME FOR MEDIATION.

I DON'T KNOW WHY I WOULD WAIT UNTIL THE END OF 2018 TO TRY THE CASE IF I HAVE TO TRY IT.

IT'S NOT THAT WIDE ANYMORE. REALITY IS IF YOU DON'T SETTLE, MEDIATION DOESN'T WORK, THEN YOU ARE GOING TO HAVE TO WORK HARD AND WE'RE GOING TO GET THE THING TRIED.

SO WHY IS IT THAT YOU ARE ASKING ME FOR A TRIAL DATE IN LATE 2018? WHAT DO YOU HAVE TO DO?

**MR. PFEFFERBAUM:** YOUR HONOR, THANK YOU. AS YOU CAN SEE WE HAVE PROPOSED A SCHEDULE THAT WOULD BE KEYED OFF OF A MEDIATION IN THE EVENT IT WAS UNSUCCESSFUL. AS YOU HAVE SEEN

FROM PLAINTIFFS' STATEMENTS IN THE JOINT CMC, YOU KNOW, WE DO BELIEVE THAT DISCOVERY IS GOING TO BE RATHER EXPANSIVE IN THIS CASE.

WE'VE PROPOSED 30 DEPOSITIONS. THERE ARE 12 DEFENDANTS ALONE. IN ADDITION, THERE ARE SEVEN RELATED PARTIES THAT ARE NAMED JUST IN THE COMPLAINT.

WE ALSO ANTICIPATED THAT THERE MAY BE SOME FOREIGN DISCOVERY THAT MAY BE RELEVANT. YOU KNOW, THE COUNTERFEITING AND THE CLAIMS ALLEGED HAVE TO DO WITH MANUFACTURE THAT WAS TAKING PLACE IN CHINA. THERE WERE SALES OF COUNTERFEIT GOODS AROUND THE GLOBE.

AND SO WE BELIEVE THAT, IN FACT, YOU KNOW, A TEN-MONTH DISCOVERY SCHEDULE IN A CASE LIKE THIS REPRESENTS A RELATIVELY AGGRESSIVE PLAN TO, YOU KNOW, LOCATE THE NECESSARY DOCUMENTS AND TO TAKE THE NECESSITY DEPOSITIONS AND TO GET THIS CASE READY FOR TRIAL.

FOLLOWING FACT DISCOVERY I BELIEVE WE PROPOSED A RELATIVELY STANDARD SCHEDULE FOR EXPERTS, AND EXPERT DEPOSITIONS AND EXPERT DISCOVERY AND TO GET THIS CASE READY FOR ANY POTENTIAL SUMMARY JUDGMENT MOTIONS.

**THE COURT:** DO YOU WANT TO BE HEARD?

**MR. WALD:** YES, YOUR HONOR. THANK YOU.

**THE CLERK:** CAN YOU SAY WHO YOU ARE?

**MR. WALD:** SURE. PETER WALD, W-A-L-D, LATHAM & WATKINS.

YOUR HONOR, THE SCHEDULE THAT IS SET FORTH IN THE PARTIES' JOINT STATEMENT, AS I'M SURE THE COURT APPRECIATES, IS A COMPROMISED SCHEDULE. OUR VIEW WAS, AND QUITE FRANKLY IS, THAT THE DISCOVERY IN THIS CASE COULD BE ACCOMPLISHED IN SIX MONTHS.

AND THE PLAINTIFFS HAD A VIEW THAT IT WAS GOING TO TAKE LONGER THAN A YEAR. AND SO THE JOINT STATEMENT REFLECTS A COMPROMISE OF TEN MONTHS. BUT IN OUR VIEW -- AND IT'S SET FORTH IN THE PLEADINGS THAT WE HAVE FILED WITH THE COURT SINCE THE CASE CAME BACK DOWN FROM THE NINTH CIRCUIT -- WE THINK THE SCOPE IS QUITE LIMITED.

IT REVOLVES AROUND WHAT WAS HAPPENING AT THE TIME OF THE IPO, WHICH, OF COURSE, AS THE COURT UNDERSTANDS -- SORRY -- WAS OCTOBER OF 2011.

AND AS A CONSEQUENCE, WE THINK SIX MONTHS SHOULD BE MORE THAN ENOUGH TIME TO COVER THE RELEVANT TEMPORAL PERIOD THAT IS GOING TO BE AT ISSUE HERE, WHICH IN OUR ESTIMATION PROBABLY SHOULD FINISH SOMETIME AROUND THE END OF 2011.

I THINK IF WE DID DISCOVERY OF DOCUMENTS AND EVENTS THAT ENDED AROUND THE END OF 2011, A COUPLE OF MONTHS AFTER THE IPO, THAT WOULD COVER THE DOCUMENTS AND THE EVENTS THAT GO TO THE QUESTION OF: WHAT WAS THE STATE OF AFFAIRS AT OCTOBER 14, 2011?

**MR. DETTMER:** YOUR HONOR --

**THE COURT:** YOU NEED TO FINISH. I KNOW YOU WERE CHOKING THERE.

**MR. WALD:** THANK YOU, YOUR HONOR. I THINK THAT COVERS

MY REMARKS.

**MR. DETTMER:** I WAS JUST GOING TO SAY, YOUR HONOR, WITH RESPECT TO MY CLIENT WE AGREE WITH THE OTHER DEFENDANTS, AND I THINK THE SCOPE OF DISCOVERY, FRANKLY, SHOULD BE EVEN NARROWER WITH RESPECT TO MY CLIENT GIVEN THEIR MORE LIMITED INVOLVEMENT.

**THE COURT:** WELL, WE ARE NOT GOING TO HAVE A BIFURCATED DISCOVERY, SO --

**MR. DETTMER:** AND I WAS JUST SPEAKING TO THE TIME PERIOD, YOUR HONOR.

**THE COURT:** ALL RIGHT. RESPONSE?

**MR. PFEFFERBAUM:** YOUR HONOR, THERE'S OBVIOUSLY -- WE BELIEVE THAT DISCOVER IS GOING TO BE MORE EXPANSIVE THAN THE DEFENDANTS DO.

**THE COURT:** ON WHAT GROUNDS?

**MR. PFEFFERBAUM:** WELL, THEY HAVE ALREADY, FOR EXAMPLE, ASSERTED -- WELL, ON MULTIPLE GROUNDS. FIRST OF ALL, THE DISCLOSURE OF THE COUNTERFEITING OCCURS, YOU KNOW, OVER IN MULTIPLE EVENTS THAT TAKE PLACE IN MAY 2012, AND AUGUST OF 2012.

AND, OBVIOUSLY, THE DISCOVERY RELATED TO THOSE DISCLOSURES, THE MARKET'S REACTION WILL GO TO FALSITY TO MATERIALITY. AND, IN ADDITION, THE DEFENDANTS HAVE ASSERTED A NEGATIVE CAUSATION DEFENSE, WHICH IS GOING TO REQUIRE DISCOVERY INTO THE STOCK PRICE MOVEMENT LONG AFTER THE IPO.

THAT BEING SAID, THE ORIGINAL PROPOSAL WAS DEFENDANTS PROPOSED NINE MONTHS FOR THIS DOCUMENT. WE PROPOSED 12 MONTHS.

WE SPLIT THE BABY AT TEN MONTHS. I THINK IT'S -- WE HAD HOPED WE'D PRESENTED A REASONABLE PROPOSAL TO THE COURT TO ALLOW DISCOVERY ON THIS.

**THE COURT:** ALL RIGHT. WELL, I AM SUPPORTIVE OF LAWYERS TRYING TO FIGURE OUT THESE THINGS ON THEIR OWN SO THAT THEY DON'T TAKE ME AWAY FROM ALL OF THE LAW AND MOTION THINGS THAT YOU GUYS FILE.

SO I'M GOING TO APPROVE YOUR EFFORTS TO COMPROMISE. DO YOU HAVE A MEDIATOR SCHEDULED?

**MR. WALD:** YOUR HONOR, WE'RE WORKING HARD ON THAT. WE DON'T. WE HAVE AGREEMENT AMONG THE PARTIES BEFORE YOU. WE ARE TALKING TO THE CARRIERS IN THE CASE TO SECURE THEIR AGREEMENT. WE DON'T YET HAVE AGREEMENT FROM ALL OF THE CARRIERS, BUT WE'RE HOPEFUL THAT WE CAN CLOSE DOWN ON THAT VERY SHORTLY.

**THE COURT:** WELL, YOU ARE ORDERED TO MEDIATION. TO THE EXTENT THAT HELPS, YOU ARE NOW ORDERED TO DO IT. THAT'S THE FIRST THING.

THE SECOND THING IS, YOU KNOW, WHO. HAVE YOU AGREED AT LEAST ON -- TO THE EXTENT -- WELL, NOW THAT YOU'VE BEEN ORDERED YOU HAVE TO GO, BUT WHO IT IS? OR DO YOU HAVE A JOINT SHORT LIST?

**MR. PFEFFERBAUM:** YOUR HONOR, OUT OF OUR RULE 26 CONFERENCE DEFENDANTS REQUESTED AND WE PROVIDED A LIST OF THREE MEDIATORS THAT WERE ACCEPTABLE TO THE PLAINTIFFS. AND WE'VE HAD FURTHER CONVERSATIONS. I BELIEVE WE HAVE A FIRST CHOICE BETWEEN

THE PARTIES, AND WE'RE HOPEFUL THAT ALL OF THE CARRIERS WILL SIGN OFF ON THAT AND THAT WE CAN GO TO MEDIATION WITH OUR FIRST CHOICE.

I DON'T KNOW THE STATUS OF PROPOSALS TWO AND THREE THAT PLAINTIFFS PROVIDED.

**MR. WALD:** WE'RE QUITE CONFIDENT, YOUR HONOR, THAT AMONG THE THREE OR FOUR NAMES THAT WE'VE DISCUSSED WE WILL BE ABLE TO FIND SOMEBODY. WE'RE HOPEFUL THAT THE NAME THAT SEEMS TO BE IN AGREEMENT AMONG THE PARTIES WILL ULTIMATELY BE ACCEPTABLE TO ALL OF THE --

**THE COURT:** WELL, I THINK YOU ALSO HAVE TO GET SOME TIME FRAMES IN THERE BECAUSE THERE'S SOME MEDIATORS WHO ARE MORE BOOKED THAN OTHERS. AND, FRANKLY, I BELIEVE THAT THE ADR INDUSTRY IS BURSTING AT THE SEAMS WITH COMPETENT PEOPLE AND REALLY GOOD -- MORE THAN COMPETENT -- REALLY GOOD PEOPLE.

AND EVERYBODY GRAVITATES. YOU KNOW, WHEN I WAS PRACTICING IT WAS ALWAYS PIAZZA. YOU COULD NEVER GET ON HIS SCHEDULE UNLESS YOU WANTED TO GO TO HAWAII, AND THEY DIDN'T AGREE ON THAT. OR AT LEAST THE CLIENTS DIDN'T AGREE ON THAT.

BUT THERE'S LOTS OF PEOPLE OUT THERE. SO I WOULD JUST ENCOURAGE YOU NOT TO FIXATE ON ONE ONLY TO THEN LEARN THAT THAT PERSON ISN'T AVAILABLE FOR SIX MONTHS, BECAUSE I WILL NOT GIVE YOU SIX MONTHS --

**MR. PFEFFERBAUM:** UNDERSTOOD.

**THE COURT:** -- TO DO THIS. SO YOU ARE GOING TO HAVE TO

MAKE -- YOU KNOW, AS YOU TALK TO YOUR CLIENT YOU ARE GOING TO HAVE TO HAVE BEEN FLEXIBLE IN WHAT YOU HAVE.

WHAT ARE YOU ASKING FOR? I DIDN'T SEE A DATE IN HERE IN TERMS OF HOW MUCH TIME YOU NEED TO GO TO MEDIATION.

**MR. PFEFFERBAUM:** YOUR HONOR, WE HAD BEEN HOPEFUL THAT WE WERE GOING TO SECURE AN EARLY MAY DATE FOR OUR MEDIATION WHICH WE THOUGHT WAS REASONABLE IN LIGHT OF THE PARTIES' AGREEMENT TO HAVE AN EXCHANGE OF DISCOVERY BEFOREHAND AND TO --

**THE COURT:** AND WHEN IS YOUR EXCHANGE HAPPENING?

**MR. PFEFFERBAUM:** YOUR HONOR, WE ARE IN CONVERSATIONS RIGHT NOW ABOUT THE SCOPE OF THOSE DOCUMENTS, AND WHEN THEY WILL BE EXCHANGED. WE DON'T HAVE A PRECISE DATE ON CALENDAR, BUT THE PARTIES MEET AND CONFER ON THAT PROCESS IS ONGOING AND HAS BEEN FRUITFUL THUS FAR. I BELIEVE THAT WE WILL BE ABLE TO REACH AN AGREEMENT ON THE SCOPE OF THOSE DOCUMENTS.

**MR. WALD:** YOUR HONOR, WE HOPE TO BE ABLE TO START PRODUCING DOCUMENTS THIS WEEK. AND WE THINK WE CAN MAKE SUBSTANTIAL PROGRESS ON THE INFORMAL DOCUMENT DISCOVERY OVER THE NEXT TWO WEEKS, AND PUT THE PLAINTIFFS IN A POSITION TO HAVE ABSORBED THOSE BY THE TIME OF THE MAY MEDIATION.

IN OUR OWN MINDS, YOUR HONOR, IF IT'S ACCEPTABLE TO THE COURT, WE HAVE KIND OF PUT OURSELVES ON A LEASH TO SAY WE WANT TO BE ABLE TO REPORT BACK TO THE COURT ABOUT THE RESULTS OF THE MEDIATION NO LATER THAN THE END OF MAY, MAYBE THE FIRST WEEK IN JUNE.

**THE COURT:** WELL, NOW YOU'VE MOVED IT OUT YET ANOTHER MONTH. SO I HEARD -- I WAS THINKING MAY 1ST. NOW, YOU NEED JUNE 1ST?

**MR. WALD:** NO. IT'S JUST A MATTER OF WHEN THE MEDIATORS ARE AVAILABLE. WE ACTUALLY DID CHECK WITH ONE OF THE MEDIATORS AND HE HAD DATES THAT WERE ARRAYED IN MAY. AND SO GETTING EVERYBODY, YOU KNOW, INCLUDING THE CARRIERS ON TO A SPECIFIC DATE I CAN'T -- I'M NOT YET IN A POSITION TO REPRESENT TO THE COURT THAT WE CAN GET EVERYBODY AVAILABLE BY MAY 1.

BUT DURING MAY, THAT WAS OUR HOPE AND OUR EXPECTATION. AND WE ACCEPT AND ENDORSE YOUR HONOR'S OBSERVATION THAT IF WE CAN'T USE MEDIATOR ONE AND GET THAT DONE BY THE RIGHT TIME IN MAY WE NEED TO GO FIND MEDIATOR TWO, THREE OR FOUR WHO CAN GET IT DONE.

SO I'M JUST SAYING I THINK BY THE END OF MAY, THAT'S RELATIVELY SAFE. BUT WE'RE OBVIOUSLY TRYING TO GET THIS DONE AS QUICKLY AS WE CAN. WE'RE UNDER -- LET ME JUST SAY, YOUR HONOR, WE'RE UNDER A LOT OF PRESSURE FROM BOTH THE CARRIERS AND OUR CLIENT TO SEE IF MEDIATION IS GOING TO WORK. THEY DON'T WANT TO SPEND ANY MORE MONEY ON THIS CASE THAN THEY NEED TO SO --

**THE COURT:** AND THE INITIAL DISCLOSURES, WHEN IS THE EXACT DATE FOR THOSE?

**MR. PFEFFERBAUM:** YOUR HONOR, WE HAD PROPOSED THAT THE DISCOVERY CALENDAR, THE PRETRIAL CALENDAR, WOULD BE KEYED FROM A DATE IN THE EVENT MEDIATION WAS UNSUCCESSFUL. IT WAS TEN DAYS FOLLOWING AN UNSUCCESSFUL MEDIATION. I BELIEVE WE HAD PROPOSED

INITIAL DISCLOSURES WOULD BE ONE MONTH AFTER THE DATE.

**THE COURT:** SO I DON'T UNDERSTAND, THEN. TEN DAYS OR ONE MONTH?

**MR. PFEFFERBAUM:** YOUR HONOR, IT WOULD BE TEN DAYS AND ONE MONTH FROM AN UNSUCCESSFUL MEDIATION. YOUR HONOR, WE HAD PROPOSED THAT THE PARTIES WOULD ENGAGE IN AN INFORMAL DISCOVERY PROCESS IN WHICH WE EXCHANGED DISCOVERY INFORMATION, AND THAT TEN DAYS FOLLOWING AN UNSUCCESSFUL MEDIATION, AS WE DESCRIBED IT IN THE JOINT STATEMENT, WE WOULD HAVE THE COMMENCEMENT OF FORMAL DISCOVERY.

AND SO ALL OF THE DATES THAT WE HAD PROPOSED ON PAGE 12 WERE BASED ON A DATE TEN DAYS FOLLOWING AN UNSUCCESSFUL MEDIATION.

THE TEN DAYS, YOUR HONOR, WAS TO GIVE -- OFTEN THESE MEDIATIONS, YOU KNOW -- EVEN A SUCCESSFUL MEDIATION IS OFTEN -- YOU KNOW, TAKES A LITTLE PERIOD OF TIME AFTER THE FORMAL ENGAGEMENT.

**THE COURT:** ANYTHING FROM YOU?

**MR. DETTMER:** NO, YOUR HONOR, NOTHING TO ADD.

**THE COURT:** ALL RIGHT. LET'S DO IT THIS WAY. I'M GOING TO PUT YOU ON A COMPLIANCE CALENDAR FOR MAY 26, 9:01 A.M. THAT'S A FRIDAY. WE DO NOT EXPECT TO SEE YOU HERE. THE SCHEDULING ORDER YOU WILL RECEIVE WILL TELL YOU THAT FIVE DAYS PRIOR TO THAT YOU HAVE TO TELL ME WHAT THE RESULTS OF YOUR MEDIATION ARE.

SO YOU MUST COMPLETE THE MEDIATION IN TIME TO PROVIDE A

RESPONSE TO ME IN COMPLIANCE WITH THAT ORDER.

SO EFFECTIVELY IT'S GOING TO BE BY THE 19TH, ALL RIGHT? ONE JOINT STATEMENT IS WHAT WILL BE REQUIRED.

INITIAL DISCLOSURES NEED TO HAPPEN BY JUNE 30TH. IT'S ABOUT ONE MONTH THEREAFTER. CLOSE OF FACT DISCOVERY MARCH 30TH. I DON'T WANT DISCOVERY MOTIONS FILED AFTER THE CLOSE OF FACT DISCOVERY.

YOU NEED TO GET YOUR MOTIONS ON FILE BY THE TIME DISCOVERY CLOSES. SO MARCH 30TH.

IF YOU CAN'T -- IF YOU DON'T KNOW BEFORE MARCH 30 THAT YOU HAVE A PROBLEM, THAT'S A PROBLEM.

EXPERT DISCLOSURES, APRIL 30TH.

YOUR EXPERTS ARE REALLY GOING TO NEED AN ENTIRE MONTH TO DO A REBUTTAL REPORT?

**MR. WALD:** I THINK, YOUR HONOR, THE IDEA WAS OPENING DISCLOSURES AND THEN --

**THE COURT:** I USUALLY DO SIMULTANEOUS OPENING DISCLOSURES, OR WHAT IS IT THAT YOU'RE CONTEMPLATING? JUST THE PLAINTIFFS' EXPERT DISCLOSURES OR SIMULTANEOUS?

**MR. WALD:** FOR EXAMPLE, WE BEAR THE BURDEN ON NEGATIVE CAUSATION, SO WE WOULD HAVE AN OPENING DISCLOSURE ON THAT. WE WOULD SEE WHAT THEY SAID BY WAY OF THEIR OPENING DISCLOSURES AND WE WOULD THEN REBUT THAT A MONTH LATER.

**THE COURT:** RIGHT. AND THAT'S WHAT I'M SAYING. DO YOU REALLY NEED A MONTH? USUALLY I GIVE TWO WEEKS. AND HOW MANY

EXPERTS DO YOU ANTICIPATE?

**MR. PFEFFERBAUM:** YOUR HONOR, AT THIS POINT IN TIME NOT ENTIRELY SURE. MOST LIKELY THREE EXPERTS.

**THE COURT:** OKAY. SO BACK TO MY ORIGINAL QUESTION: DO YOU REALLY NEED A MONTH?

**MR. WALD:** YOUR HONOR, OBVIOUSLY WE'LL DO WHAT THE COURT HAS -- THE COURT PLEASES. IN MY EXPERIENCE EVEN A MONTH IS A TIGHT TURNAROUND WHEN YOU GET THE OTHER SIDE'S REPORTS. THEY ARE OFTEN LENGTHY, COMPLICATED, WRITTEN BY VERY INTELLIGENT PEOPLE. AND THE MONTH IS ACTUALLY HELPFUL TO REFINE PRETTY IMPORTANT ISSUES THAT ARE GOING TO DICTATE THE SUMMARY JUDGMENT. OFTEN LOSS CAUSATION, SO --

**THE COURT:** ALL RIGHT. MAY 31ST. YOU DO NOT NEED TWO MONTHS TO DEPOSE SIX PEOPLE. JUNE 29TH. CLOSE OF EXPERT DISCOVERY.

NOW, I DOUBT THAT YOU ARE GOING TO BE WORKING FROM SCRATCH, SO DISPOSITIVE MOTIONS, WHICH I INCLUDE WITH THAT DAUBERT, SEEMS TO ME YOU SHOULD BE ABLE TO GET THOSE ON FILE IN 30 DAYS. ANY REASON YOU CAN'T?

**MR. WALD:** THAT WORKS FOR US, YOUR HONOR.

**MR. PFEFFERBAUM:** THAT WORKS, YOUR HONOR.

**THE COURT:** ALL RIGHT. SO THOSE NEED TO BE FILED BY JULY 31ST.

ARE WE DOING A REGULAR 35-DAY SCHEDULE?

**MR. PFEFFERBAUM:** YES, YOUR HONOR. THAT WORKS FOR

PLAINTIFFS.

**MR. WALD:** ACCEPTABLE TO US, YOUR HONOR.

**THE COURT:** ALL RIGHT. SO THAT MEANS THAT OPPOSITIONS WILL BE DUE AUGUST 14. THIS PART WON'T BE IN THE ORDER, BUT JUST SO YOU KNOW, AND THEN REPLIES AUGUST 21ST. I DOUBT I WILL BE READY IN TWO WEEKS, SO WE'LL SET THEM FOR HEARING ON SEPTEMBER 11TH.

LET ME ASK YOU THIS: IF YOU DON'T RESOLVE IT BY MAY, WHAT IS THE NEXT POINT IN THE NATURAL LIFE CYCLE OF THIS KIND OF CASE WHERE YOU WOULD REEVALUATE YOUR RESPECTIVE POSITIONS?

**MR. PFEFFERBAUM:** YOUR HONOR, IT'S OBVIOUSLY DIFFICULT TO ANTICIPATE, BUT WE WOULD EXPECT THAT WE WOULD NEED TO MAKE SIGNIFICANT HEADWAY IN THE FACT DISCOVERY PROCESS, PERHAPS FOUR OR FIVE MONTHS UNTIL WE GOT THE BULK OF THE DOCUMENT PRODUCTION AND BEGAN THE DEPOSITION PROCESS.

**THE COURT:** WHEN WOULD YOU START ENGAGING YOUR EXPERTS?

**MR. WALD:** I WOULD THINK PRETTY QUICKLY, YOUR HONOR. I WOULD THINK SOMETIME IN THE NEXT FEW MONTHS.

**THE COURT:** OKAY. SO YOU ENGAGE THEM. WHEN DO THEY START DOING THEIR REAL WORK?

**MR. PFEFFERBAUM:** YOUR HONOR, AS YOU KNOW, DIFFERENT EXPERTS OBVIOUSLY DIFFERENT PROCESSES. BUT AFTER WE GET, YOU KNOW, A COUPLE OF MONTHS INTO DISCOVERY WHEN WE HAVE THE PRIMARY DOCUMENTS WE WOULD EXPECT TO BE ENGAGING OUR EXPERTS.

**MR. WALD:** I WOULD THINK, YOUR HONOR, THAT TO YOUR

QUESTION, THAT IF THE MEDIATION IS UNSUCCESSFUL AND WE MOVE FORWARD WITH FORMAL DISCOVERY THAT THE FACT DISCOVERY AND INITIAL WORK WITH EXPERTS SHOULD YIELD ENOUGH INTELLIGENCE ON BOTH SIDES FOR AT LEAST ANOTHER LOOK SEE AT MEDIATION WITHIN FOUR PLUS MONTHS.

**THE COURT:** OKAY. THIS IS WHAT I'LL DO, THEN. I'LL HAVE YOU COME BACK HERE ON DECEMBER 11TH FOR ANOTHER -- WE'LL PUT IT ON THE REGULAR CMC CALENDAR. IF YOU HAVEN'T RESOLVED IT BY THEN, THEN I WILL GIVE YOU A TRIAL DATE. I SET TRIALS TO GO. AND I DON'T MOVE TRIALS, BY THE WAY.

SO DON'T SEND ME A NOTE ASKING ME TO MOVE THEM BECAUSE I'LL GO ON TO ECF AND SAY: "DENIED."

JUST KNOW THAT. I DON'T. IT'S NOT HOW I MANAGE MY CALENDAR. SO YOU DON'T GO INTO MY BOOK UNLESS I'M RELATIVELY SURE YOU ARE GOING TO GO. AND IF YOU SETTLE, THAT'S FINE. BUT I'M NOT GOING TO GIVE YOU A DATE NOW. AND I'M NOT GOING TO SAY IT'S 60 DAYS AFTER I RESOLVE THE DEPOSITIONS, BECAUSE I DON'T KNOW WHAT MY CALENDAR IS GOING TO LOOK LIKE.

IF I HAVE A BIG CRIMINAL CASE THAT I KNOW IS COMING IN YOU ARE GOING BEFORE OR YOU ARE GOING AFTER. AND YOU'LL JUST HAVE TO MAKE DO. SO I DON'T WANT IT TO GO IN YET. I WANT TO GIVE YOU A DATE THAT YOU CAN BE, YOU KNOW, RELATIVELY -- FEEL RELATIVELY CONFIDENT THAT IF YOU ARE GOING TO GO, YOU ARE GOING TO GO.

ALL RIGHT? NOW, I DON'T SINGLE SET, EITHER. AND THE WAY IT WORKS IS WHOEVER IS OLDEST GOES OUT FIRST. IT'S THE ONLY FAIR

WAY THAT I KNOW HOW TO DO IT.

SOMETIMES IT MEANS I HAVE TO TAKE THE CASES TO TRIAL THAT I DON'T LIKE THE MOST, BUT IT'S FAIR. SO THAT SHOULD GIVE YOU ENOUGH TIME TO FIGURE OUT WHETHER OR NOT THIS THING IS GOING. BUT, OTHERWISE, YOU HAVE ALL OF THE REST OF YOUR DATES. OKAY?

ALL RIGHT. SO I WILL SEE YOU BACK HERE IN DECEMBER. ANYTHING ELSE WE CAN DO TODAY?

**MR. WALD:** THAT COVERS IT FOR US, YOUR HONOR.

**MR. PFEFFERBAUM:** THAT'S ALL FROM US. THANK YOU.

**MR. DETTMER:** THANK YOU VERY MUCH, YOUR HONOR.

**MR. WALD:** THANK YOU VERY MUCH, JUDGE.

(THEREUPON, THIS HEARING WAS CONCLUDED.)

STENOGRAPHY CERTIFICATION

"I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."

MARCH 11, 2017

KATHERINE WYATT

_________________________________