1

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER P. SEEFER (201197)
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
chriss@rgrdlaw.com
dpfefferbaum@rgrdlaw.com

LABATON SUCHAROW LLP
JONATHAN GARDNER
MICHAEL P. CANTY
ROGER W. YAMADA
140 Broadway
New York, New York 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
mcanty@labaton.com
ryamada@labaton.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | ) ) ) ) |
| | Master File No. 12-cv-04677-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) ) ) ) ) |
| | [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT |

As of August 4, 2017, Lead Plaintiffs Inter-Local Pension Fund GCC/IBT ("Inter-Local") and Bristol County Retirement System ("Bristol County" and, together with Inter-Local, "Lead Plaintiffs"), on behalf of themselves, and the proposed Settlement Class (defined below), on the one hand, and Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company"), and Robert J. Pera, John Ritchie, Peter Y. Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo and

1   Robert M. Van Buskirk (the "Individual Defendants"), and UBS Securities LLC, Deutsche Bank

2   Securities Inc., Raymond James & Associates, Inc. and KeyBanc Capital Markets Inc. (formerly

3   known as Pacific Crest Securities LLC) (collectively, the "Underwriter Defendants" and with

4   Ubiquiti and the Individual Defendants, the "Defendants"), on the other hand, entered into a

5   Stipulation and Agreement of Settlement (the "Stipulation") in the Action, which is subject to

6   review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the

7   exhibits thereto, sets forth the terms and conditions of the Settlement of this Action; and

8           WHEREAS, the Court has reviewed and considered the Stipulation and the

9   accompanying exhibits; and

10          WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

11          WHEREAS, all capitalized terms used in this order that are not otherwise defined herein

12   have the meanings defined in the Stipulation;

13          NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____,

14   2017 that:

15          1.      The Court has reviewed the Stipulation and preliminarily finds the Settlement set

16   forth therein to be fair, reasonable and adequate, subject to further consideration at the

17   Settlement Hearing described below.

18          2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the

19   Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: all

20   Persons that purchased or acquired the publicly traded common stock of Ubiquiti Networks, Inc.

21   pursuant and/or traceable to Ubiquiti Networks, Inc.'s initial public offering on or about October

22   14, 2011.  Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the

23   immediate families of the Individual Defendants; (iii) Ubiquiti's and the Underwriter

24   Defendants' subsidiaries and affiliates; (iv) the officers and directors of Ubiquiti; (v) any entity

25   in which any Defendant has a controlling interest (but in the case of the Underwriter Defendants,

26   only such entities that they have a majority ownership interest in); (vi) the legal representatives,

27   heirs, successors and assigns of any such excluded person or entity.  Also excluded from the

28

MASTER FILE NO. 12-CV-04677-YGR
[PROPOSED] PRELIMINARY APPROVAL ORDER

1   Settlement Class are any Settlement Class Members who properly exclude themselves by

2   submitting a valid and timely request for exclusion in accordance with the requirements set forth

3   below and in the Notice.

4         3.     The Court finds and concludes that the prerequisites of class action certification

5   under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for

6   the Settlement Class defined herein and for the purposes of the Settlement only, in that:

7             (a)     the members of the Settlement Class are so numerous that joinder of all

8   Settlement Class Members is impracticable;

9             (b)     there are questions of law and fact common to the Settlement Class

10   Members;

11             (c)     the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

12             (d)     Lead Plaintiffs and Lead Counsel have fairly and adequately represented

13   and protected the interests of the Settlement Class;

14             (e)     the questions of law and fact common to Settlement Class Members

15   predominate over any individual questions; and

16             (f)     a class action is superior to other available methods for the fair and

17   efficient adjudication of the controversy, considering that the claims of Settlement Class

18   Members in the Action are substantially similar and would, if tried, involve substantially

19   identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as

20   a class action; the amounts of the claims of many of the Settlement Class Members are too

21   small to justify the expense of individual actions; and it does not appear that there is significant

22   interest among Settlement Class Members in individually controlling the litigation of their

23   claims.

24         4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

25   of the Settlement only, Lead Plaintiffs Inter-Local Pension Fund GCC/IBT and Bristol County

26   Retirement System are certified as Class Representatives for the Settlement Class.  The law firms

27

28

MASTER FILE NO. 12-CV-04677-YGR
[PROPOSED] PRELIMINARY APPROVAL ORDER

1  of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd are appointed Class Counsel

2  for the Settlement Class.

3      5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules

4  of Civil Procedure is hereby scheduled to be held before the Court on _____, 2017,

5  at __:____ _.m. for the following purposes:

6          (a)      to determine whether the Settlement is fair, reasonable and adequate, and

7  should be approved by the Court;

8          (b)      to determine whether the Final Order and Judgment ("Judgment") as

9  provided under the Stipulation should be entered;

10         (c)      to determine, for purposes of the Settlement only, whether the Settlement

11 Class should be certified; whether Lead Plaintiffs should be certified as Class Representatives

12 for the Settlement Class; whether the law firms of Labaton Sucharow LLP and Robbins Geller

13 Rudman & Dowd LLP should be appointed as Class Counsel for the Settlement Class;

14         (d)      to determine whether the Plan of Allocation is fair, reasonable and

15 adequate, and should be approved by the Court;

16         (e)      to consider Lead Counsel's motion for an award of attorneys' fees and

17 expenses; and

18         (f)      to rule upon such other matters as the Court may deem appropriate.

19     6.      The Court reserves the right to approve the Settlement with or without

20 modification and with or without further notice to the Settlement Class of any kind.  The Court

21 further reserves the right to enter the Judgment approving the Settlement regardless of whether it

22 has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may

23 also adjourn the Settlement Hearing or modify any of the dates herein without further notice to

24 members of the Settlement Class.

25     7.      The Court approves the form, substance and requirements of the Notice of

26 Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses

27

28

4

1   (the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the

2   forms annexed hereto as Exhibits 1 and 2, respectively.

3        8.      The Court approves the retention of Garden City Group LLC as the Claims

4   Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim,

5   substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or

6   before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to

7   all Settlement Class Members who can be identified with reasonable effort.  Ubiquiti, to the

8   extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel,

9   or the Claims Administrator, transfer records obtained from Computershare in electronic

10  searchable form containing the names and addresses of purchasers of the publicly traded

11  common stock of Ubiquiti during the Class Period, to the extent that information is available to

12  Computershare, no later than five (5) business days after entry of this Preliminary Approval

13  Order.

14       9.      The Claims Administrator shall use reasonable efforts to give notice to nominee

15  purchasers such as brokerage firms and other persons or entities who purchased or otherwise

16  acquired the publicly traded common stock of Ubiquiti during the Class Period as record owners

17  but not as beneficial owners.  Such nominees SHALL EITHER: (a) WITHIN SEVEN (7)

18  CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient

19  copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7)

20  CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to

21  all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the

22  Notice, provide a list of the names and addresses of all such beneficial owners to the Claims

23  Administrator and the Claims Administrator is ordered to send the Notice promptly to such

24  identified beneficial owners.  Nominees who elect to send the Notice to their beneficial owners

25  SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was

26  made and shall retain their mailing records for use in connection with any further notices that

27  may be provided in the Action.  Upon full and timely compliance with these directions, such

28

nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

10.     Lead Counsel shall, at least fourteen (14) calendar days before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11.     The Court approves the form of the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice") substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over the *Business Wire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at least fourteen (14) calendar days before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     Lead Counsel may make non-material edits to the Notice, Proof of Claim and Summary Notice without Court approval.

13.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

14.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked or electronically submitted no later than fourteen (14) calendar days

MASTER FILE NO. 12-CV-04677-YGR
[PROPOSED] PRELIMINARY APPROVAL ORDER

before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.  Any Settlement Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 16 of this order.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Lead Counsel shall have no liability for their discretion in accepting late claims

(b)   The Proof of Claim submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator with such supervision by Lead Counsel as necessary; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

16.     Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is postmarked no later than sixty (60) calendar days after the Notice Date.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Ubiquiti Networks, Inc., Securities Litigation,* No. 12-4677 (N.D. Cal.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and acquisitions and/or sales of Ubiquiti publicly traded common stock during the period from October 14, 2011 through May 3, 2012, inclusive.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

17.     Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or

MASTER FILE NO. 12-CV-04677-YGR
[PROPOSED] PRELIMINARY APPROVAL ORDER

expenses only if such Settlement Class Member has (A) served by hand or by mail his, her or its written objection and supporting papers, such that they are postmarked on or before sixty (60) calendar days after the Notice Date, and mailed to Lead Counsel: Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005 and Daniel J. Pfefferbaum, Robbins Geller Rudman & Dowd LLP, Post Montgomery Center, One Montgomery Street, Suite 1800, San Francisco, CA 94104; and Defendants' Counsel: Peter Wald, Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, CA 94111, and Ethan Dettmer, Gibson Dunn & Crutcher LLP, 555 Mission Street, Suite 3000, San Francisco, CA 94105, and (B) filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612. Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  The Court will consider all proper objections even if a Settlement Class Member does not attend the Settlement Hearing.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

19.    Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to

1   act on their behalf, shall not institute, commence or prosecute any action which asserts Released

2   Claims against the Released Defendant Parties.

3        20.     As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay

4   the Claims Administrator fees and costs associated with giving notice to the Settlement Class and

5   the review of claims and administration of the Settlement out of the Settlement Fund without

6   further approval from Defendants and without further order of the Court.

7        21.     All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's

8   request for an award of attorneys' fees and expenses shall be filed with the Court and served on

9   or before fourteen (14) calendar days prior to the date set for objections in ¶ 18.  Any reply

10   papers are to be filed with the Court and served no later than fourteen (14) calendar days prior to

11   the Settlement Hearing.

12        22.     The passage of title and ownership of the Settlement Fund to the Escrow Agent in

13   accordance with the terms and obligations of the Stipulation is approved.  No person who is not a

14   Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any

15   distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided

16   in the Stipulation.

17        23.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of

18   the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds

19   shall be disbursed pursuant to the Stipulation and/or further order of the Court.

20        24.     Neither Defendants nor their counsel shall have any responsibility for the Plan of

21   Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead

22   Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and

23   adequacy of the Settlement.

24        25.     If the Settlement fails to become effective as defined in the Stipulation or is

25   terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except

26   as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and

27   void, of no further force or effect, and without prejudice to any Party, and may not be introduced

28

MASTER FILE NO. 12-CV-04677-YGR
[PROPOSED] PRELIMINARY APPROVAL ORDER

as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of June 22, 2017.

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.


Dated: _____, 2017     _____
                                    Honorable Yvonne Gonzalez Rogers
                                    UNITED STATES DISTRICT JUDGE

# Exhibit 1

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  CHRISTOPHER P. SEEFER (201197)
   DANIEL J. PFEFFERBAUM (248631)
3  Post Montgomery Center
   One Montgomery Street, Suite 1800
4  San Francisco, CA 94104
   Telephone: 415/288-4545
5  415/288-4534 (fax)
   chriss@rgrdlaw.com
6  dpfefferbaum@rgrdlaw.com

7  LABATON SUCHAROW LLP
   JONATHAN GARDNER
8  MICHAEL P. CANTY
   ROGER W. YAMADA
9  140 Broadway
   New York, New York 10005
10 Telephone: 212/907-0700
   212/818-0477 (fax)
11 jgardner@labaton.com
   mcanty@labaton.com
12 ryamada@labaton.com

13 *Lead Counsel for Plaintiffs*

14

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17 In re UBIQUITI NETWORKS, INC.      )  Master File No. 12-cv-04677-YGR
   SECURITIES LITIGATION             )
18                                    )  CLASS ACTION
   ─────────────────────────────     )
19                                    )  NOTICE OF PENDENCY OF CLASS
   This Document Relates To:         )  ACTION, PROPOSED SETTLEMENT,
20                                    )  AND MOTION FOR ATTORNEYS' FEES
        ALL ACTIONS.                  )  AND EXPENSES
21 ─────────────────────────────     )
                                         EXHIBIT A-1
22

23

24

25

26

27

28

**If you purchased or acquired the publicly traded common stock of Ubiquiti Networks, Inc. pursuant and/or traceable to Ubiquiti Networks, Inc.'s initial public offering on or about October 14, 2011, you may be entitled to receive money from a class action settlement.**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.

- The Settlement, if approved by the Court, will provide a total recovery of **$6,800,000** (on average approximately $1.00 per share[1] before the deduction of Court-approved expenses) in cash for the benefit of the Settlement Class (described below).[2]

- The Settlement resolves claims by Lead Plaintiffs Inter-Local Pension Fund GCC/IBT and Bristol County Retirement System in a class action against Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company"), and Robert J. Pera, John Ritchie, Peter Y. Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo and Robert M. Van Buskirk (the "Individual Defendants"), and UBS Securities LLC, Deutsche Bank Securities Inc., Raymond James & Associates, Inc. and KeyBanc Capital Markets Inc. (formerly known as Pacific Crest Securities LLC) (collectively, the "Underwriter Defendants" and with Ubiquiti and the Individual Defendants, the "Defendants").

- The lawsuit alleged that statements made in the Registration Statement and Prospectus ("Registration Statement") issued in connection with the Company's October 14, 2011 initial public offering ("IPO") were materially false or misleading.  The two-sides disagreed about whether investors could have won at trial and, if so, how much money they could have won.

- Court-appointed lawyers for the investors will ask the Court for no more than $1,700,000 in attorneys' fees (25% of the Settlement Fund) and up to $200,000 in litigation expenses for their work litigating the case and negotiating the Settlement.  If approved by the Court, these amounts (totaling on average approximately $0.28 per share) will be deducted from the $6,800,000 Settlement.

- The Court in charge of this case still has to decide whether to approve the

---

[1] A share might have been traded more than once, and the recovery indicated above represents the estimated average for each purchase of a share pursuant to the IPO, including those shares that were traded more than once that allegedly incurred damages.

[2] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, dated as of _____, 2017 (the "Stipulation"), which can be viewed at www. ____.com.

Settlement.  Payments will be made only if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

- **If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY _____, 2017** | The <u>only</u> way to get a payment. |
| **EXCLUDE YOURSELF BY _____, 2017** | You will get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants and/or the other Released Defendant Parties concerning the Released Claims. |
| **OBJECT BY _____, 2017** | Write to the Court about why you do not like the Settlement, the Fee and Expense Application, or the proposed Plan of Allocation. |
| **GO TO A HEARING ON _____, 2017** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

**Identification of Attorneys' Representatives**

Lead Plaintiffs and the Settlement Class are being represented by Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP, Court-appointed Lead Counsel.  Any questions regarding the Settlement should be directed to Jonathan Gardner, Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com and Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101-8498, (800) 449-4900, www.rgrdlaw.com.

**BASIC INFORMATION**

**1.     Why did I get this Notice?**

1    The Court authorized that this Notice be sent to you because you or someone in your

2  family may have purchased or acquired Ubiquiti's publicly traded common stock pursuant and/or

3  traceable to Ubiquiti's IPO on or about October 14, 2011.

4    If this description applies to you or someone in your family, you have a right to know

5  about the proposed Settlement of this class action lawsuit, and about all of your options, before

6  the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and

7  after any objections and appeals are resolved, an administrator appointed by the Court will make

8  the payments that the Settlement allows.

9    This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights,

10  what benefits are available, who is eligible for them, and how to get them.

11    The Court in charge of this Action is the United States District Court for the Northern

12  District of California (the "Court"), and the case is known as *In re Ubiquiti Networks, Inc.*

13  *Securities Litigation,* Master File No. 12-cv-4677-YGR (N.D. Cal.) (the "Action").  The Action

14  is assigned to the Honorable Yvonne Gonzalez Rogers, United States District Judge.

15    The Court did not decide in favor of the Plaintiffs or the Defendants.  Instead, they have

16  agreed to a settlement.  For Lead Plaintiffs, the principal reason for the Settlement is the certain

17  benefit of a substantial cash recovery for the class, in contrast to the costs and delay of fact and

18  expert discovery; the uncertainty of having a class of Ubiquiti investors certified; the risk that the

19  Court may grant, in whole or in part, some or all of the anticipated motions for summary

20  judgment to be filed by Defendants; the uncertainty of being able to prove the allegations at a

21  jury trial; and the difficulties and delays inherent in such litigation (including any appeals).

22    For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny

23  that any Settlement Class Members were damaged, the principal reasons for entering into the

24  Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further

25  litigation.

26  | **2.     What is this lawsuit about?  What has happened so far?** |

27

28

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                                 4

1    Ubiquiti is a designer and manufacturer of wireless networking products.  At the time of

2    the Consolidated Amended Complaint for Violation of the Federal Securities Laws ("CAC"), its

3    products were made in China and sold worldwide, primarily in emerging markets.  As detailed in

4    the CAC, Lead Plaintiffs allege that the Company's Registration Statement contained materially

5    false and misleading statements that counterfeiting of Ubiquiti's wireless networking products

6    was merely a risk faced by the Company.  Plaintiffs allege that, instead, at the time of the IPO,

7    an international counterfeiting ring was already operational and causing substantial harm to

8    Ubiquiti's financial results and damaging its goodwill and reputation.  Plaintiffs allege that when

9    disclosures were allegedly made about the impact of the counterfeiting, Ubiquiti's stock price

10   fell, allegedly damaging class members.

11   Beginning in September 2012, two class actions were filed in the U.S. District Court for

12   the Northern District of California on behalf of investors in Ubiquiti.  By order dated November

13   30, 2012, the Court consolidated the related securities actions, appointed Inter-Local Pension

14   Fund GCC/IBT and Bristol County Retirement System as Lead Plaintiffs, and appointed Labaton

15   Sucharow and Robbins Geller as co-lead counsel to represent the class.

16   Lead Plaintiffs filed the CAC on January 29, 2013 alleging violations of §§11, 12(a)(2)

17   and 15 of the Securities Act of 1933 (the "1933 Act"), and §§10(b) and 20(a) of the Securities

18   and Exchange Act of 1934 ("1934 Act"), arising from allegedly false statements in the

19   Company's Registration Statement and after the IPO.  On March 26, 2013, each of the

20   Defendants moved to dismiss the CAC.  On March 26, 2014, the Court granted Defendants'

21   motions in their entirety with leave to amend.  On April 15, 2014, Lead Plaintiffs filed a notice

22   of intent not to file an amended complaint, and on April 16, 2014, the Court issued an order

23   dismissing the case with prejudice.

24   On September 24, 2014, Lead Plaintiffs appealed the dismissal of their claims under §§11

25   and 15 of the 1933 Act, and §§10(b) and 20(a) of the 1934 Act to the United States Court of

26   Appeals for the Ninth Circuit (the "Ninth Circuit").  Lead Plaintiffs did not appeal the dismissal

27   of their claim under §12(a)(2) of the 1933 Act.  On October 24, 2016, the Ninth Circuit issued an

28

1    order affirming in part and reversing in part the Court's March 26, 2014 order.  The Ninth

2    Circuit affirmed the Court's dismissal of the §§10(b) and 20(a) claims and reversed the dismissal

3    of the §§11 and 15 claims, remanding the claims to the Court for further proceedings.

4         At the direction of the Court, on January 30, 2017, Lead Plaintiffs filed the operative

5    Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the

6    "SAC") asserting only those 1933 Act claims alleging material misstatements and omissions in

7    the Company's Registration Statement for the IPO that remained after the Ninth Circuit's

8    October 24, 2016 order.  Defendants answered the SAC on February 13, 2017, denying Lead

9    Plaintiffs' allegations and asserting affirmative defenses.

10        Lead Plaintiffs, through Lead Counsel, conducted a thorough investigation relating to the

11   claims, defenses, and underlying events and transactions that are the subject of the Action.  This

12   process included reviewing and analyzing, among other things, documents related to Ubiquiti's

13   lawsuit against Kozumi USA Corp. and its owner, Shao Wei Hsu (the "Kozumi Litigation"), and

14   approximately 60,000 pages of documents produced by Defendants during pre-mediation

15   informal discovery referenced below, including drafts of registration statements for the

16   Company's October 14, 2011 IPO, road show presentations, underwriter memoranda, due

17   diligence materials, board minutes, financial documents, emails, and documents related to

18   counterfeiting Ubiquiti's products.

19        Defendants and Lead Plaintiffs engaged Robert A. Meyer, a well-respected and highly

20   experienced mediator, to assist them in exploring a potential negotiated resolution of the claims

21   in the Action.  On May 15, 2017, counsel for Lead Plaintiffs and Defendants met with Mr.

22   Meyer in an attempt to reach a settlement.  The mediation involved an extended effort to settle

23   the claims and, prior to the mediation, the Parties exchanged detailed mediation statements, as

24   well as informal discovery through which Ubiquiti and the Underwriter Defendants produced

25   approximately 60,000 pages of documents to Lead Plaintiffs, including drafts of registration

26   statements for the IPO, road show presentations, underwriter memoranda, due diligence

27   materials, board minutes, financial documents, emails, and documents related to counterfeiting

28

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                                6

of Ubiquiti's products. However, the parties were unable to reach an agreement on May 15, 2017. Following the mediation, Mr. Meyer continued his efforts to facilitate discussions among the parties. Ultimately, Mr. Meyer made a mediator's proposal to both sides to settle the Action for $6,800,000, which was separately agreed to by the Parties on June 22, 2017.

**3.    Why is this a class action?**

In a class action, one or more persons or entities (in this case, the Lead Plaintiffs), sue on behalf of people and entities who have similar claims. Together, these people and entities are a class, and each is a class member. Bringing a case, such as this one, as a class action allows the Court to resolve many similar claims of persons and entities that might be economically too small to bring as individual actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**WHO IS IN THE SETTLEMENT**

**4.    How do I know if I am part of the Settlement Class?**

The Court has decided, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 5 below) or take steps to exclude themselves (*see* Question 10 below):

> All persons and entities that purchased or acquired the publicly traded common stock of Ubiquiti pursuant and/or traceable to Ubiquiti's initial public offering on or about October 14, 2011.

Check your investment records or contact your broker to see if you purchased or acquired the publicly traded common stock of Ubiquiti during the period from October 14, 2011 through May 3, 2012, inclusive. If so, you are presumed to have purchased or acquired your shares pursuant and/or traceable to Ubiquiti's IPO on or about October 14, 2011.

**5.    Are there exceptions to being included?**

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                                 7

Yes.  Some people are excluded from the Settlement Class by definition.  Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Ubiquiti's and the Underwriter Defendants' subsidiaries and affiliates; (iv) the officers and directors of Ubiquiti; (v) any entity in which any Defendant has a controlling interest (but in the case of the Underwrite Defendants, only such entities that they have a majority interest in); and (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity.

Also excluded from the Settlement Class is anyone who submits a valid and timely request for exclusion from the Settlement Class, in accordance with the procedures set forth in Question 10 below.

| 6. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included in the Settlement, you can ask for free help.  You can call the Claims Administrator toll-free at (___) ___-___, send an e-mail to the Claims Administrator at _____, or write to the Claims Administrator at _____ c/o XXX, P.O. Box _____, XXX.  Or you can fill out and return the Proof of Claim form described in Question 8 to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

| 7. | How much will my payment be? |
|---|---|

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Ubiquiti has agreed to create a $6,800,000 cash fund, which will earn interest, to be distributed after the deduction of Court-approved fees and expenses among all Settlement Class Members who submit a valid Claim Form and are found to be entitled to a distribution from the Net Settlement Fund ("Authorized Claimants").   Authorized Claimants are those Settlement Class Members whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation and the Court-approved Plan of Allocation.

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members timely send

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                                 8

in valid Claim Forms; the total amount of Recognized Losses of other Settlement Class Members; how many shares of Ubiquiti publicly traded common stock you purchased; the prices and dates of those purchases; and the prices and dates of any sales.

You can calculate your Recognized Loss in accordance with the formulas shown below in the Plan of Allocation.  It is unlikely that you will receive a payment for all of your Recognized Loss.  *See* the Plan of Allocation of Net Settlement Fund on pages___ for more information on your Recognized Loss.

### HOW YOU RECEIVE A PAYMENT:
### SUBMITTING A PROOF OF CLAIM FORM

**8.   How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  If you did not receive a Claim Form, you can obtain one on the internet at the website for the Claims Administrator: www._____.  You can also ask for a Claim Form by calling the Claims Administrator toll-free at (___) ____-_____.

Please read the instructions carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or electronically submitted no later than _____, 2017.**

**9.   What am I giving up to receive a payment or stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that, upon the "Effective Date," you will release all "Released Claims" against the "Released Defendant Parties."

**"Class Period"** means the period from October 14, 2011 through August 9, 2012, inclusive.

**"Released Claims"** means any and all actions, suits, claims, demands, rights, liabilities, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues known or Unknown (as defined below), contingent or absolute,

1   suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or

2   unmatured, accrued or unaccrued, apparent or unapparent, whether concealed or hidden, and

3   causes of action of every nature and description, including both known claims and Unknown

4   Claims (as defined below), whether based on federal, state, local, foreign, statutory or common

5   law or any other law, rule or regulation, that have been or that might have been asserted by any

6   Releasing Plaintiff Party against any of the Released Defendant Parties, arising out of, relating

7   to, based upon, or in connection with both: (a) any purchase, acquisition, disposition, sale or

8   holding of Ubiquiti publicly traded common stock during the Class Period and (b) any facts,

9   claims, matters, allegations, transactions, events, disclosures, representations, statements, acts, or

10  omissions or failures to act that were alleged, set forth, referred to, or that could have been

11  alleged in the Action against the Released Defendant Parties.  For the avoidance of doubt,

12  Released Claims include any claims under §§12(a)(2) and 15 of the 1933 Act, and §§10(b) and

13  20(a) of the 1934 Act, which were alleged or could have been alleged in this Action.  Released

14  Claims do not include claims relating to the enforcement of the Settlement.

15      **"Released Defendant Parties"** means Defendants, Defendants' Counsel,  and each of

16  their respective past or present subsidiaries, parents, affiliates, principals, successors and

17  predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees,

18  partners, members, agents, trustees, fiduciaries, contractors, employees, attorneys, auditors,

19  underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or

20  auditors, financial or investment advisors or consultants, banks or investment bankers, personal

21  or legal representatives, estates, heirs, related or affiliated entities, any entity in which a

22  Defendant has a controlling interest, any member of an Individual Defendant's immediate

23  family, or any trust of which any Individual Defendant is a settlor or which is for the benefit of

24  any Defendant and/or member(s) of his or her family, and each of the heirs, executors,

25  administrators, predecessors, successors, and assigns of the foregoing.

26      **"Unknown Claims"** means any and all Released Claims that Lead Plaintiffs or any other

27  Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of

28

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                      10

the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Releasing Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member and Released Defendant Parties shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs, other Settlement Class Members, Defendants or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent

discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members and Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal. If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** if you decide to exclude yourself because you want to bring your own lawsuit to pursue claims alleged in the Action, you may want to consult with an attorney and discuss whether your individual claim would be time-barred by the applicable statutes of limitations or repose. Also, Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Ubiquiti common stock seek exclusion from the Settlement Class.

### 10.   How do I exclude myself from the proposed Settlement?

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "wish to be excluded from the Settlement Class in "*In re Ubiquiti Networks, Inc. Securities Litigation,* No. 12-4677 (N.D. Cal.)." You cannot exclude yourself by telephone or e-mail. Your letter must state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Ubiquiti publicly traded common stock during the period from October 14, 2011 through May 3, 2012. Your letter must include your name, mailing address, telephone number, e-mail address, and signature. You must submit your exclusion request so that it is **postmarked**

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                              12

**no later than** _____, **2017** to:

*Ubiquiti Networks Securities Litigation*
Claims Administrator
c/o [XXX]
[XXXXXXXXXXXXX}

Your exclusion request must comply with these requirements in order to be valid.  If you ask to be excluded, you will not receive any payment from the Net Settlement Fund, and you cannot object to the Settlement.

| **11.** | **If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?** |

No.  Unless you properly exclude yourself, you remain in the Settlement Class and you give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims.  If you have a pending lawsuit, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2017.**

**THE LAWYERS REPRESENTING YOU**

| **12.** | **Do I have a lawyer in this case?** |

The Court ordered the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to represent all Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13.** | **How will the lawyers be paid?** |

Lead Counsel have not been paid for any of their work.  They will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than 25% of the Settlement Fund, which includes interest on such fees at the same rate as earned by the Settlement Fund.  Lead Counsel will also seek payment of their litigation expenses in connection with the prosecution of

this Action of no more than $200,000, plus interest on such expenses at the same rate as earned by the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application.  You may write to the Court explaining your objection.  You can ask the Court to not approve the Settlement, however you cannot ask the Court to order a larger settlement – the Court can only approve or deny this Settlement.  If the Court denies approval, the settlement payments will not be sent out and the lawsuit will continue.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re Ubiquiti Networks, Inc. Securities Litigation,* No. 12-4677 (N.D. Cal.)."  You must include your name, address, telephone number, e-mail address, and signature; identify the date(s), price(s), and number(s) of shares of Ubiquiti publicly traded common stock purchased, acquired, and/or sold; state the reasons why you object to the Settlement and which part(s) of the Settlement you object to; and include any legal support and/or evidence, to support your objection.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and shall be forever foreclosed from making any future objection.  Your objection must be submitted to the Court either by mailing the objection to the Clerk of the Court at the address below or by filing the objection in person at the location below, and mailed to Lead Counsel and Defendants' Counsel so that it is **postmarked on or before _____, 2017:**

### **The Court**

Clerk of the Court
United States District Court for the Northern District of California

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                             14

Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

**Lead Counsel**                                **Defendants' Counsel**

LABATON SUCHAROW LLP           LATHAM & WATKINS LLP
Jonathan Gardner, Esq.                      Peter A. Wald, Esq.
140 Broadway                                      505 Montgomery Street, Suite 2000,
New York, NY 10005                           San Francisco, CA 94111

ROBBINS GELLER RUDMAN &     GIBSON DUNN & CRUTCHER LLP
DOWD LLP                                            Ethan D. Dettmer, Esq.
Daniel J. Pfefferbaum, Esq.                 555 Mission St. #3000
Post Montgomery Center                     San Francisco, CA 94105
One Montgomery Street, Suite 1800
San Francisco, CA 94104

You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures set out in this Question 14 and below in Question 17 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, either in person or through an attorney, arranged, at his, her, or its own expense.

| **15.   What is the difference between objecting and excluding?** |
|---|

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application. You can still recover from the Settlement. You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE SETTLEMENT HEARING

| **16.   When and where will the Court decide whether to approve the proposed Settlement?** |
|---|

The Court will hold the Settlement Hearing on _____ **at ____ ___.m.**, in Courtroom 1, 4th Floor of the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                          15

At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate and should be finally approved; (ii) whether the proposed Plan of Allocation is fair, reasonable and adequate; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed or periodically check the Court's website at www.cand.uscourts.gov/ygr or the case-specific website at www. ___.com to see if the Settlement Hearing stays as calendared or is changed.

### 17.    May I speak at the Settlement Hearing?

You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must submit a statement that it is your intention to appear in "*In re Ubiquiti Networks, Inc. Securities Litigation,* No. 12-4677 (N.D. Cal.)."  Persons who intend to object to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application and desire to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 14 above) the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your objection and/or intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 10 and 14.

### IF YOU DO NOTHING

### 18.    What happens if I do nothing at all?

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8).  To start, continue or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims in this case, you must exclude yourself from the Settlement Class (*see* Question 10).

**GETTING MORE INFORMATION**

**19.   Are there more details about the proposed Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation. Lead Counsel's motions in support of approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than _____, 2017 and available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (___) ____-_____; writing to the Claims Administrator at *Ubiquiti Networks, Inc. Securities Litigation,* c/o XXX, P.O. Box _____, XXX; or visiting the websites of the Claims Administrator or Lead Counsel at www._____, www.labaton.com, www.rgrdlaw.com where you will find answers to common questions about the Settlement, download copies of the Stipulation or Claim Form, and locate other information.

**Please do not Call the Court with Questions about the Settlement.**

**PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

**A.    Preliminary Matters**

The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Loss according to the Plan of Allocation approved by the Court.  The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website at: _____ and at www.labaton.com and www.rgrdlaw.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws.  For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel have conferred with a consulting damages expert.  This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiffs believe were recoverable in the Action.  The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.   An individual Settlement Class Member's recovery will depend on, for example: (a) the total number of claims submitted; (b) when the Settlement Class Member purchased or acquired Ubiquiti publicly traded common stock; and (c) whether and when the Settlement Class Member sold his, her, or its shares of Ubiquiti common stock.

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                                          18

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants.  Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis.  An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund.  The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim.  Lead Plaintiffs, Lead Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

**B.**      **Calculation of Recognized Loss Amounts**

For Ubiquiti publicly traded common stock purchased or acquired pursuant and/or traceable to the Company's IPO on or about October 14, 2011 (during the period from October 14, 2011 through May 3, 2012), and

(1) sold prior to the close of trading on September 7, 2012, the Recognized Loss per share is:

a.   the purchase price per share, not to exceed the $15.00 per share IPO price,

*minus*

b.   the sales price per share;

(2) sold after the close of trading on September 7, 2012 and before the close of trading on April 25, 2013, the Recognized Loss per share is:

a.   the purchase price per share, not to exceed the $15.00 per share IPO price,

*minus*

b.   the greater of the sales price per share or $12.03 per share (September 7, 2012 closing price).

(3) held as of the close of trading on April 25, 2013, the Recognized Loss per share is zero.

**C.   Additional Provisions**

If a Settlement Class Member made multiple purchases, acquisitions, or sales of Ubiquiti common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's purchases and acquisitions to their sales using the FIFO (*i.e.*, first-in-first-out) method.  Under the FIFO method, sales will be matched against purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the Class Period.

Purchases or acquisitions and sales of Ubiquiti shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance or operation of law of shares during the Class Period shall not be deemed a purchase, acquisition or sale of shares for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.  The conversion of Ubiquiti's Series A preferred stock to common stock does not constitute a purchase or acquisition of Ubiquiti common stock pursuant and/or traceable to the Company's IPO.  Any claimant that sold Ubiquiti common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                                          20

1   Payment according to this Plan of Allocation will be deemed conclusive against all

2   Authorized Claimants.  Recognized Losses will be calculated as defined herein by the Claims

3   Administrator and cannot be less than zero.

4   Distributions to eligible Authorized Claimants will be made after claims have been

5   processed.  After an initial distribution of the Net Settlement Fund, if there is any balance

6   remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or

7   otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement

8   Fund, Lead Counsel shall, if feasible and economical, re-distribute such balance among

9   Authorized Claimants who have cashed their checks in an equitable and economic fashion.

10  These re-distributions shall be repeated until the balance in the Net Settlement Fund is no longer

11  feasible to distribute to Authorized Claimants.  Any balance that still remains in the Net

12  Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after

13  payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall

14  be donated in equal amounts to Bay Area Legal Aid and Consumer Federation of America.

15  Each claimant is deemed to have submitted to the jurisdiction of the United States

16  District Court for the Northern District of California with respect to his, her, or its claim.

17  **SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

18  If you purchased the publicly traded common stock of Ubiquiti during the Class Period

19  for the beneficial interest of a person or organization other than yourself, the Court has directed that,

20  that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you

21  either: (a) provide to the Claims Administrator the name and last known address of each person

22  or organization for whom or which you purchased such shares during such time period; or (b)

23  request additional copies of this Notice and the Proof of Claim form, which will be provided to

24  you free of charge, and WITHIN SEVEN (7) CALENDAR DAYS mail the Notice and Proof of

25  Claim form directly to the beneficial owners of that security.   If you choose to follow

26  alternative procedure (b), the Court has directed that, upon such mailing, you must send a

27  statement to the Claims Administrator confirming that the mailing was made as directed.  Upon

28

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                          21

1    timely compliance with the above requirements, you are entitled to reimbursement from the

2    Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing,

3    including reimbursement of postage expense and the cost of ascertaining the names and

4    addresses of beneficial owners.  Those expenses will be paid upon request and submission of

5    appropriate supporting documentation.  All communications concerning the foregoing should be

6    addressed to the Claims Administrator:

7

8                                    *Ubiquiti Networks Securities Litigation*
                                     Claims Administrator
9                                    c/o [XXX]
                                     [XXXXXXXXXXXX}
10                         Phone: [XXX-XXX-XXXX] Fax: [XXX-XXX-XXXX]
                                     [e-mail]
11                                   www.XXXXX

12

13   Dated: _____, 2017                    BY ORDER OF THE UNITED STATES
                                                        DISTRICT COURT FOR THE
14                                                      NORTHERN DISTRICT OF
                                                        CALIFORNIA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Master File No. 12-cv-4677-YGR
Notice of Pendency and Proposed Class Action Settlement and Motion
for Attorneys' Fees and Expenses                                                    22

# Exhibit 2

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  CHRISTOPHER P. SEEFER (201197)
   DANIEL J. PFEFFERBAUM (248631)
3  Post Montgomery Center
   One Montgomery Street, Suite 1800
4  San Francisco, CA 94104
   Telephone: 415/288-4545
5  415/288-4534 (fax)
   chriss@rgrdlaw.com
6  dpfefferbaum@rgrdlaw.com

7  LABATON SUCHAROW LLP
   JONATHAN GARDNER
8  MICHAEL P. CANTY
   ROGER W. YAMADA
9  140 Broadway
   New York, New York 10005
10 Telephone: 212/907-0700
   212/818-0477 (fax)
11 jgardner@labaton.com
   mcanty@labaton.com
12 ryamada@labaton.com

13 *Lead Counsel for Plaintiffs*

14

15                     UNITED STATES DISTRICT COURT

                    NORTHERN DISTRICT OF CALIFORNIA
16

17 | | |
   In re UBIQUITI NETWORKS, INC.      )    Master File No. 12-cv-04677-YGR
   SECURITIES LITIGATION              )
                                      )    <u>CLASS ACTION</u>
18 ─────────────────────────────────  )
                                      )    PROOF OF CLAIM AND RELEASE
19 This Document Relates To:          )
                                      )    EXHIBIT A-2
20     ALL ACTIONS.                    )
                                      )
   ─────────────────────────────────  )
21

22

23 **I.      GENERAL INSTRUCTIONS**

24        1.      To recover as a Settlement Class Member based on your claims in the action entitled

25 *In re Ubiquiti Networks, Inc. Securities Litigation*, Master File No. 12-cv-04677-YGR (the

26 "Action"), YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED PROOF OF CLAIM

27 FORM ("CLAIM FORM"), ACCOMPANIED BY COPIES OF THE DOCUMENTS

28                                          - 1 -

MASTER FILE NO. 12-cv-4677-YGR
PROOF OF CLAIM

REQUESTED HEREIN, **ON OR BEFORE** _____, **2017**, ADDRESSED AS FOLLOWS:

> *Ubiquiti Networks Securities Litigation*
> Claims Administrator
> c/o The Garden City Group Inc.
> XXX
> XXXX
> www.XXXXX.com

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.      If you are a Settlement Class Member and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.


**II.      CLAIMANT IDENTIFICATION**

If you purchased or acquired the publicly traded common stock of Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company") pursuant and/or traceable to Ubiquiti's Initial Public Offering ("IPO") on or about October 14, 2011,[1] use Part I of this form entitled "Claimant Identification" to list the claimant name, mailing address, and account information if relevant (such as for a claim submitted on behalf of an IRA, Trust, or estate account).  Please list the most current claimant or account name as you would like the information to appear on the check, if eligible for payment. Please also provide a telephone number and/or e-mail address, as the Claims Administrator may need to contact you with questions about the claim submitted.  If your Claimant Identification information changes, please notify the Claims Administrator in writing at the address above.

All joint purchasers must sign this claim.  If you are acting in a representative capacity on behalf of a Settlement Class Member (for example, as an executor, administrator, trustee, or other

---

[1] If you purchased or acquired your shares during the period from October 14, 2011 through May 3, 2012, inclusive, you are presumed to have purchased or acquired your shares pursuant and/or traceable to Ubiquiti's  IPO on or about October 14, 2011.

1    representative), you must submit evidence of your current authority to act on behalf of that

2    Settlement Class Member.  Such evidence would include, for example, letters testamentary, letters

3    of administration, or a copy of the trust documents or other documents which provide you with the

4    authority to submit the claim.  Please also indicate your representative capacity under your signature

5    on page __ of this Claim Form.

6

7    **III.    CLAIM FORM**

8         Use Part II of this form entitled "Schedule of Transactions in Ubiquiti Publicly Traded

9    Common Stock" to supply all required details of your transaction(s).  Neither the Claims

10   Administrator, the Defendants, nor the Lead Plaintiffs have access to your transactional

11   information.  If you need more space or additional schedules, attach separate sheets giving all of the

12   required information in substantially the same form.  Sign and print or type your name on each

13   additional sheet.

14        On the schedules, provide all of the requested information with respect to all of your

15   purchases or acquisitions of Ubiquiti publicly traded common stock which took place from October

16   14, 2011 through April 25, 2013, inclusive, and ***all*** of your sales of Ubiquiti common stock which

17   took place prior to or on April 25, 2013, whether such transactions resulted in a profit or a loss.[2]

18   You must also provide the amount of Ubiquiti publicly traded common stock you held at the close

19   of trading on April 25, 2013.  Failure to report all such transactions may result in the rejection of

20   your claim.

21        List each transaction separately and in chronological order, by trade date, beginning with the

22   earliest.  You must accurately provide the month, day, and year of each transaction you list.

23

24

25   _____

     [2] Information requested with respect to your purchases/acquisitions of Ubiquiti common stock
26   through April 25, 2013 is needed in order to balance your claim.  Purchases/acquisitions after May
     3, 2012, however, are not eligible for a recovery under the Plan of Allocation and will not be used
27   for purposes of calculating your Recognized Loss pursuant to the Plan of Allocation for the
     Settlement.

28                                            - 3 -

The date of covering a "short sale" is deemed to be the date of purchase of Ubiquiti common stock.  The date of a "short sale" is deemed to be the date of sale of Ubiquiti common stock. COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS SHOULD BE ATTACHED TO YOUR CLAIM.  **FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*Ubiquiti Networks Securities Litigation*

Master File No. 12-cv-04677

**PROOF OF CLAIM**

**Must Be Postmarked or Submitted Online at www._____.com No Later than:**

**_____, 2017**

Please Type or Print

**PART I: CLAIMANT IDENTIFICATION**

Last Name                                        M.I.    First Name

Last Name (Co-Beneficial Owner)                  M.I.    First Name (Co-Beneficial Owner)

○ IRA        ○ Joint Tenancy        ○ Employee        ○ Individual        ○ Other_____
                                                                                    (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number                    Taxpayer Identification Number
                                    or

Telephone Number (Primary Daytime)        Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City                                             State    Zip Code

Foreign Province                Foreign Postal Code              Foreign Country Name/Abbreviation

- 5 -

PART II:        SCHEDULE OF TRANSACTIONS IN UBIQUITI PUBLICLY TRADED
COMMON STOCK

A.        Purchases of Ubiquiti Common Stock (October 14, 2011 through April 25, 2013):

| Trade Date Month Day Year | Number of Shares Purchased | Price Per Share | Total Purchase Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:

☐  Yes

B.        Sales of Ubiquiti Common Stock (October 14, 2011 through April 25, 2013):

| Trade Date Month Day Year | Number of Shares Sold | Sales Price Per Share | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

C.        Number of shares of Ubiquiti common stock held at the close of trading on April 25, 2013: _____

- 6 -

## IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

1.     I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement described in the Notice and available at www._____.   I (We) also submit to the jurisdiction of the United States District Court, Northern District of California, with respect to my (our) claim as a Settlement Class Member.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Ubiquiti common stock during the relevant periods and know of no other person having done so on my (our) behalf.

2.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases of Ubiquiti common stock which took place from October 14, 2011 through April 25, 2013, and all of my (our) sales of Ubiquiti common stock during this period, as well as the number of shares held by me (us) at the close of trading on April 25, 2013.

I (We) declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Executed this _____ day of _____
                                         (Month/Year)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

- 7 -

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.  Please sign above.

2.  Remember to attach copies of supporting documentation.

3.  **Do not send** originals of certificates or other documentation as they will not be returned.

4.  Keep a copy of your Claim Form and all supporting documentation for your records.

5.  If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6.  If you move, please send your new address to the address below.

7.  **Do not use red pen or highlighter** on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR IF MAILED POSTMARKED
NO LATER THAN _____, 2017, ADDRESSED AS FOLLOWS:**

*Ubiquiti Networks Securities Litigation*
Claims Administrator
c/o [XXX]
[XXXXXXXXXXXX}
Phone: [XXX-XXX-XXXX] Fax: [XXX-XXX-XXXX]
[e-mail]
www.XXXXX

- 8 -

# Exhibit 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) | SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES |
| This Document Relates To: | | EXHIBIT A-3 |
| ALL ACTIONS. | | |

1   **TO: ALL PERSONS THAT PURCHASED OR ACQUIRED THE**
2   **PUBLICLY TRADED COMMON STOCK OF UBIQUITI NETWORKS, INC.**
    **PURSUANT AND/OR TRACEABLE TO ITS OCTOBER 14, 2011 INITIAL PUBLIC**
3   **OFFERING, YOU MAY BE ENTITLED TO RECOVER IF YOU PURCHASED OR**
    **ACQUIRED SHARES FROM OCTOBER 14, 2011 THROUGH MAY 3, 2012,**
4   **INCLUSIVE.**

5        YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District

6   Court for the Northern District of California, that Lead Plaintiffs Inter-Local Pension Fund

7   GCC/IBT and Bristol County Retirement System, on behalf of themselves and the Settlement

8   Class, and Ubiquiti Networks, Inc. and the other named defendants (collectively, the

9   "Defendants"), have reached a settlement in the above-captioned action (the "Action") in the

10  amount of $6,800,000 in cash (the "Settlement Amount") that, if approved by the Court, will

11  resolve all claims in the Action.[1]

12       A hearing will be held before the Honorable Yvonne Gonzalez Rogers of the United

13  States District Court for the Northern District of California in Courtroom 1, Oakland Courthouse,

14  4th Floor, 1301 Clay Street, Oakland, CA 94612 at __:___ ___.m. on _____ __, **2017** to,

15  among other things, determine whether (1) the Settlement should be approved by the Court as

16  fair, reasonable, and adequate; (2) the Plan of Allocation for distribution of the Settlement

17  Amount, and any interest thereon, less Court-awarded attorneys' fees, Notice and Administration

18  Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net

19  Settlement Fund") should be approved as fair, reasonable and adequate; and (3) the application

20  of Lead Counsel for an award of attorneys' fees of no more than 25% of the Settlement Fund (up

21  to $1,700,000) and payment of litigation expenses of no more than $200,000 from the Settlement

22  Fund should be approved.  The Court may change the date of the Settlement Hearing without

23  providing another notice.  You do NOT need to attend the Settlement Hearing in order to receive

24  a distribution from the Net Settlement Fund.

25       IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, **YOUR RIGHTS WILL**

26  **BE AFFECTED BY THE SETTLEMENT** AND YOU MAY BE ENTITLED TO SHARE IN

27

28  _____
    [1] The complete terms of the Settlement are in the Stipulation and Agreement of Settlement, dated
    August ___, 2017, which can be viewed at www. ___.com.

THE NET SETTLEMENT FUND.  If you have not yet received the full Notice of Pendency of Class Action, Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator or visiting its website:

*Ubiquiti Networks Securities Litigation*
Claims Administrator
c/o [XXX]
[XXXXXXXXXXXXX}
Phone: [XXX-XXX-XXXX] Fax: [XXX-XXX-XXXX]
[e-mail]
www.XXXXX

Inquiries may also be made to Lead Counsel:

LABATON SUCHAROW LLP
Jonathan Gardner, Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com
settlementquestions@labaton.com

ROBBINS GELLER RUDMAN & DOWD LLP
Rick Nelson, Shareholder Relations
655 West Broadway, Suite 1900
San Diego, CA  92101
Tel: (800) 449-4900
www.rgrdlaw.com

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or electronically submitted no later than _____ __, 2017.*  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

To exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice such that it is **postmarked no later than _____ __, 2017.**  If you are a Settlement Class Member and do not exclude yourself from the Settlement Class, **you will be bound** by any judgments or orders entered by the Court in the Action.

1    Any objections to the Settlement, Plan of Allocation, and/or application for attorneys'

2    fees and payment of expenses must be filed with the Court and mailed to counsel in accordance

3    with the instructions set forth in the Notice ***no later than*** _____ __, ***2017.***

4    PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS'

5    COUNSEL REGARDING THIS NOTICE.  ALL QUESTIONS ABOUT THIS NOTICE, THE

6    SETTLEMENT, OR YOUR ELIGIBILITY TO PARTICIPATE IN THE SETTLEMENT

7    SHOULD BE DIRECTED TO LEAD COUNSEL AT THE ADDRESS LISTED ABOVE.

8

9    Dated: _____, 2017          BY ORDER OF THE UNITED STATES
                                                       DISTRICT COURT FOR THE
10                                                     NORTHERN DISTRICT OF
                                                       CALIFORNIA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28