ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER P. SEEFER (201197)
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
chriss@rgrdlaw.com
dpfefferbaum@rgrdlaw.com

LABATON SUCHAROW LLP
JONATHAN GARDNER
MICHAEL P. CANTY
ROGER W. YAMADA
140 Broadway
New York, New York 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
mcanty@labaton.com
ryamada@labaton.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re UBIQUITI NETWORKS, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. 12-cv-04677-YGR<br><br>CLASS ACTION<br><br>[~~PROPOSED REVISED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT |

As of August 4, 2017, Lead Plaintiffs Inter-Local Pension Fund GCC/IBT ("Inter-Local") and Bristol County Retirement System ("Bristol County" and, together with Inter-Local, "Lead Plaintiffs"), on behalf of themselves, and the proposed Settlement Class (defined below), on the one hand, and Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company"), and Robert J. Pera, John Ritchie, Peter Y. Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo and

1 | Robert M. Van Buskirk (the "Individual Defendants"), and UBS Securities LLC, Deutsche Bank
2 | Securities Inc., Raymond James & Associates, Inc. and KeyBanc Capital Markets Inc. (formerly
3 | known as Pacific Crest Securities LLC) (collectively, the "Underwriter Defendants" and with
4 | Ubiquiti and the Individual Defendants, the "Defendants"), on the other hand, entered into a
5 | Stipulation and Agreement of Settlement (the "Stipulation") in the Action, which is subject to
6 | review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the
7 | exhibits thereto, sets forth the terms and conditions of the Settlement of this Action; and

8 |     WHEREAS, the Court has reviewed and considered the Stipulation and the
9 | accompanying exhibits; and

10 |     WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and
11 |     WHEREAS, all capitalized terms used in this order that are not otherwise defined herein
12 | have the meanings defined in the Stipulation;

13 |     NOW, THEREFORE, IT IS HEREBY ORDERED, this 13th day of September, 2017
14 | that:

15 |     1.    The Court has reviewed the Stipulation and preliminarily finds the Settlement set
16 | forth therein to be fair, reasonable and adequate, subject to further consideration at the
17 | Settlement Hearing described below.

18 |     2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the
19 | Court hereby certifies, for the purposes of the Settlement only, the Settlement Class of: all
20 | Persons that purchased or acquired the publicly traded common stock of Ubiquiti Networks, Inc.
21 | pursuant and/or traceable to Ubiquiti Networks, Inc.'s initial public offering on or about October
22 | 14, 2011.  Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the
23 | immediate families of the Individual Defendants; (iii) Ubiquiti's and the Underwriter
24 | Defendants' subsidiaries and affiliates; (iv) the officers and directors of Ubiquiti; (v) any entity
25 | in which any Defendant has a controlling interest (but in the case of the Underwriter Defendants,
26 | only such entities that they have a majority ownership interest in); (vi) the legal representatives,
27 | heirs, successors and assigns of any such excluded person or entity.  Also excluded from the

28

1  Settlement Class are any Settlement Class Members who properly exclude themselves by
2  submitting a valid and timely request for exclusion in accordance with the requirements set forth
3  below and in the Notice.

4      3.    The Court finds and concludes that the prerequisites of class action certification
5  under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for
6  the Settlement Class defined herein and for the purposes of the Settlement only, in that:

7      (a)    the members of the Settlement Class are so numerous that joinder of all
8  Settlement Class Members is impracticable;

9      (b)    there are questions of law and fact common to the Settlement Class
10  Members;

11      (c)    the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

12      (d)    Lead Plaintiffs and Lead Counsel have fairly and adequately represented
13  and protected the interests of the Settlement Class;

14      (e)    the questions of law and fact common to Settlement Class Members
15  predominate over any individual questions; and

16      (f)    a class action is superior to other available methods for the fair and
17  efficient adjudication of the controversy, considering that the claims of Settlement Class
18  Members in the Action are substantially similar and would, if tried, involve substantially
19  identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as
20  a class action; the amounts of the claims of many of the Settlement Class Members are too
21  small to justify the expense of individual actions; and it does not appear that there is significant
22  interest among Settlement Class Members in individually controlling the litigation of their
23  claims.

24      4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes
25  of the Settlement only, Lead Plaintiffs Inter-Local Pension Fund GCC/IBT and Bristol County
26  Retirement System are certified as Class Representatives for the Settlement Class.  The law firms
27
28

1 of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd are appointed Class Counsel for the Settlement Class.

2     5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on **December 19, 2017**, at **2:00 p.m.** for the following purposes:

    (a) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

    (b) to determine whether the Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered;

    (c) to determine, for purposes of the Settlement only, whether the Settlement Class should be certified; whether Lead Plaintiffs should be certified as Class Representatives for the Settlement Class; whether the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP should be appointed as Class Counsel for the Settlement Class;

    (d) to determine whether the Plan of Allocation is fair, reasonable and adequate, and should be approved by the Court;

    (e) to consider Lead Counsel's motion for an award of attorneys' fees and expenses; and

    (f) to rule upon such other matters as the Court may deem appropriate.

6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7. The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses

(the "Notice") and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8. The Court approves the retention of Garden City Group LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort. Ubiquiti, to the extent it has not already done so, shall use its best efforts to obtain and provide to Lead Counsel, or the Claims Administrator, transfer records obtained from Computershare in electronic searchable form containing the names and addresses of purchasers of the publicly traded common stock of Ubiquiti during the Class Period, to the extent that information is available to Computershare, no later than five (5) business days after entry of this Preliminary Approval Order.

9. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired the publicly traded common stock of Ubiquiti during the Class Period as record owners but not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and WITHIN SEVEN (7) CALENDAR DAYS of receipt of those Notices from the Claims Administrator forward them to all such beneficial owners; or (b) WITHIN SEVEN (7) CALENDAR DAYS of receipt of the Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Notice promptly to such identified beneficial owners. Nominees who elect to send the Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Upon full and timely compliance with these directions, such

1  nominees may seek reimbursement of their reasonable expenses actually incurred by providing
2  the Claims Administrator with proper documentation supporting the expenses for which
3  reimbursement is sought.
4      10.    Lead Counsel shall, at least fourteen (14) calendar days before the Settlement
5  Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.
6      11.    The Court approves the form of the Summary Notice of Pendency of Class
7  Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice")
8  substantially in the form annexed hereto as Exhibit 3, and directs that Lead Counsel shall cause
9  the Summary Notice to be published in *The Wall Street Journal* and be transmitted over the
10 *Business Wire* within fourteen (14) calendar days of the Notice Date.  Lead Counsel shall, at
11 least fourteen (14) calendar days before the Settlement Hearing, file with the Court proof of
12 publication of the Summary Notice.
13     12.    Lead Counsel may make non-material edits to the Notice, Proof of Claim, and
14 Summary Notice without Court approval.
15     13.    The form and content of the notice program described herein, and the methods set
16 forth herein of notifying the Settlement Class of the Settlement and its terms and conditions
17 (attached as Exhibit 4), meet the requirements of Rule 23 of the Federal Rules of Civil
18 Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the
19 PSLRA, and due process, constitute the best notice practicable under the circumstances, and
20 shall constitute due and sufficient notice to all persons and entities entitled thereto.
21     14.    In order to be eligible to receive a distribution from the Net Settlement Fund, in
22 the event the Settlement is effected in accordance with the terms and conditions set forth in the
23 Stipulation, each claimant shall take the following actions and be subject to the following
24 conditions:
25     (a)    A properly executed Proof of Claim, substantially in the form annexed
26 hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in
27 the Notice, postmarked or electronically submitted no later than fourteen (14) calendar days
28

6

MASTER FILE NO. 12-CV-04677-YGR
[PROPOSED] PRELIMINARY APPROVAL ORDER

1   before the Settlement Hearing.  Such deadline may be further extended by Court order or by
2   Lead Counsel in their discretion.  Each Proof of Claim shall be deemed to have been submitted
3   when postmarked (if properly addressed and mailed by first-class or overnight mail, postage
4   prepaid).  Any Proof of Claim submitted in any other manner shall be deemed to have been
5   submitted when it was actually received at the address designated in the Notice.  Any
6   Settlement Class Member who does not timely submit a Proof of Claim within the time
7   provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless
8   otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all
9   determinations and judgments in this Action concerning the Settlement, as provided by
10  paragraph 16 of this order.  Notwithstanding the foregoing, Lead Counsel shall have the
11  discretion (but not the obligation) to accept for processing late-submitted claims so long as the
12  distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.
13  Lead Counsel shall have no liability for their discretion in accepting late claims.
14           (b)     The Proof of Claim submitted by each claimant must satisfy the
15  following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be
16  properly completed, signed and submitted in a timely manner in accordance with the provisions
17  of the preceding subparagraph; (ii) it must be accompanied by adequate supporting
18  documentation for the transactions reported therein, in the form of broker confirmation slips,
19  broker account statements, an authorized statement from the broker containing the transactional
20  information found in a broker confirmation slip, or such other documentation as is deemed
21  adequate by the Claims Administrator with such supervision by Lead Counsel as necessary; (iii)
22  if the person executing the Proof of Claim is acting in a representative capacity, a certification
23  of her current authority to act on behalf of the Settlement Class Member must be included in the
24  Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions
25  or modifications of any of the printed matter contained therein and must be signed under
26  penalty of perjury.
27
28

        (c)     As part of the Proof of Claim, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

15.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her, or its own choice.  If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

16.    Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is postmarked no later than sixty (60) calendar days after the Notice Date.  Such request for exclusion must state the name, address and telephone number of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Ubiquiti Networks, Inc., Securities Litigation,* No. 12-4677 (N.D. Cal.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares of all purchases and acquisitions and/or sales of Ubiquiti publicly traded common stock during the period from October 14, 2011 through May 3, 2012, inclusive.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court or the Parties.

17.    Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

18.    The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or

8

1  expenses only if such Settlement Class Member has (A) served by hand or by mail his, her, or its
2  written objection and supporting papers, such that they are postmarked on or before sixty (60)
3  calendar days after the Notice Date, and mailed to Lead Counsel: Jonathan Gardner, Labaton
4  Sucharow LLP, 140 Broadway, New York, NY 10005 and Daniel J. Pfefferbaum, Robbins
5  Geller Rudman & Dowd LLP, Post Montgomery Center, One Montgomery Street, Suite 1800,
6  San Francisco, CA 94104; and Defendants' Counsel: Peter Wald, Latham & Watkins LLP, 505
7  Montgomery Street, Suite 2000, San Francisco, CA 94111, and Ethan Dettmer, Gibson Dunn &
8  Crutcher LLP, 555 Mission Street, Suite 3000, San Francisco, CA 94105, and (B) filed said
9  objections and supporting papers with the Clerk of the Court, United States District Court for the
10 Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.
11 Any Settlement Class Member who does not make his, her, or its objection in the manner
12 provided for in the Notice shall be deemed to have waived such objection and shall forever be
13 foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation,
14 or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but
15 shall otherwise be bound by the Judgment to be entered and the releases to be given.  The Court
16 will consider all proper objections even if a Settlement Class Member does not attend the
17 Settlement Hearing.  However, Persons wishing to be heard orally in opposition to the approval
18 of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees
19 and other expenses are required to indicate in their written objection their intention to appear at
20 the Settlement Hearing.  Persons who intend to object to the Settlement, the Plan of Allocation,
21 and/or the application for an award of attorneys' fees and expenses and desire to present
22 evidence at the Settlement Hearing must include in their written objections the identity of any
23 witnesses they may call to testify and exhibits they intend to introduce into evidence at the
24 Settlement Hearing.  Settlement Class Members do not need to appear at the hearing or take any
25 other action to indicate their approval.
26      19.     Pending final determination of whether the Settlement should be approved, Lead
27 Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to
28

9

MASTER FILE NO. 12-CV-04677-YGR
[PROPOSED] PRELIMINARY APPROVAL ORDER

1  act on their behalf, shall not institute, commence or prosecute any action which asserts Released
2  Claims against the Released Defendant Parties.

3    20.   As provided in the Stipulation, prior to the Effective Date, Lead Counsel may pay
4  the Claims Administrator fees and costs associated with giving notice to the Settlement Class and
5  the review of claims and administration of the Settlement out of the Settlement Fund without
6  further approval from Defendants and without further order of the Court.

7    21.   All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's
8  request for an award of attorneys' fees and expenses shall be filed with the Court and served on
9  or before fourteen (14) calendar days prior to the date set for objections in ¶ 18.  Any reply
10 papers are to be filed with the Court and served no later than fourteen (14) calendar days prior to
11 the Settlement Hearing.

12    22.   No later than seven (7) calendar days before the Settlement Hearing, Lead
13 Counsel shall file a submission with the Court concerning the claims received to date.

14    23.   The passage of title and ownership of the Settlement Fund to the Escrow Agent in
15 accordance with the terms and obligations of the Stipulation is approved.  No person who is not a
16 Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any
17 distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided
18 in the Stipulation.

19

20    24.   All funds held in escrow shall be deemed and considered to be in *custodia legis* of
21 the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds
22 shall be disbursed pursuant to the Stipulation and/or further order of the Court.

23    25.   Neither Defendants nor their counsel shall have any responsibility for the Plan of
24 Allocation or any application for attorney's fees or expenses submitted by Lead Counsel or Lead
25 Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and
26 adequacy of the Settlement.

27

28

26. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of June 22, 2017.

27. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:  September 13      , 2017         _____
                                          Honorable Yvonne Gonzalez Rogers
                                          UNITED STATES DISTRICT JUDGE