ROBBINS GELLER RUDMAN
  & DOWD LLP
CHRISTOPHER P. SEEFER (201197)
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
chriss@rgrdlaw.com
dpfefferbaum@rgrdlaw.com

LABATON SUCHAROW LLP
JONATHAN GARDNER
MICHAEL P. CANTY
ROGER W. YAMADA
140 Broadway
New York, New York 10005
Telephone: 212/907-0700
212/818-0477 (fax)
jgardner@labaton.com
mcanty@labaton.com
ryamada@labaton.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 12-cv-04677-YGR |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | [PROPOSED] FINAL ORDER AND JUDGMENT |
| ALL ACTIONS. | ) ) ) | Re: Dkt. No. 125 |

WHEREAS:

A.      As of August 4, 2017, Lead Plaintiffs Inter-Local Pension Fund GCC/IBT ("Inter-Local") and Bristol County Retirement System ("Bristol County") and, together with Inter-Local, "Lead Plaintiffs"), on behalf of themselves, and the Settlement Class (defined below), on the one hand, and Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company"), and Robert J. Pera, John Ritchie, Peter Y. Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo and Robert M. Van Buskirk (the "Individual Defendants"), and UBS Securities LLC, Deutsche Bank

Securities Inc., Raymond James & Associates, Inc. and KeyBanc Capital Markets Inc. (formerly known as Pacific Crest Securities LLC) (collectively, the "Underwriter Defendants" and with Ubiquiti and the Individual Defendants, the "Defendants"), on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action, attached hereto as Exhibit A;

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered September 13, 2017 (Dkt. No. 122, "Preliminary Approval Order"), the Court scheduled a hearing for December 19, 2017, at 2:00 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered;

C.      The Court ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over the *Business Wire* within fourteen (14) calendar days of the Notice Date;

D.      The Notice and the Summary Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing.  The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were postmarked and filed by November 27, 2017;

E.     The provisions of the Preliminary Approval Order as to notice were complied with;

F.     On November 13, 2017, Lead Plaintiffs moved for final approval of the Settlement (Dkt. No. 125), as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on December 19, 2017, at which time all interested Persons were afforded the opportunity to be heard; and

G.     This Court has duly considered Lead Plaintiffs' motion, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on August 4, 2017; and (ii) the Notice, which was filed with the Court on November 13, 2017, attached hereto as Exhibit B.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all Persons that purchased or acquired the publicly traded common stock of Ubiquiti Networks, Inc. pursuant and/or traceable to Ubiquiti Networks, Inc.'s initial public offering on or about October 14, 2011.  Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Ubiquiti's and the Underwriter Defendants' subsidiaries and affiliates; (iv) the officers and directors of Ubiquiti; (v) any entity in which any Defendant has a controlling interest (but in the case of the Underwriter Defendants, only such entities that they have a majority ownership interest in); (vi) the legal representatives, heirs, successors and

assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who have timely and validly sought exclusion from the Settlement Class; however, no Persons have requested exclusion from the Settlement Class.

4. Pursuant to Fed. R. Civ. P. 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs Inter-Local Pension Fund GCC/IBT and Bristol County Retirement System, as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd as Class Counsel for the Settlement Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the Plan of Allocation, of Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against Defendants, the risks of establishing liability and damages, the costs of continued litigation, the Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects, and finds that the Settlement is, in all respects, fair, reasonable and adequate. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing

the interests of the Settlement Class and Defendants, all of whom had a firm understanding of the factual and legal issues in dispute.

7.     The Consolidated Second Amended Complaint for Violations of the Federal Securities Laws filed on January 30, 2017 (the "SAC") is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

8.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.     Upon the Effective Date, Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Defendant Parties.

10.     Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Releasing Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff Parties.

11.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12.     This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and

any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the

consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the SAC would not have exceeded the Settlement Amount.

13.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     The Parties are hereby directed to consummate the Stipulation and to perform its terms.

17.     A separate order shall be entered regarding Lead Counsel's motion for an award of attorneys' fees and payment of expenses. A separate order shall be entered regarding the Plan of Allocation set forth in the Notice. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction for a period of one year from the date of this Judgment over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining

applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: ~~December 20~~, 2017

Honorable Yvonne Gonzalez Rogers
UNITED STATES DISTRICT JUDGE

EXHIBIT A

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  CHRISTOPHER P. SEEFER (201197)
   DANIEL J. PFEFFERBAUM (248631)
3  Post Montgomery Center
   One Montgomery Street, Suite 1800
4  San Francisco, CA 94104
   Telephone: 415/288-4545
5  415/288-4534 (fax)
   chriss@rgrdlaw.com
6  dpfefferbaum@rgrdlaw.com

7  LABATON SUCHAROW LLP
   JONATHAN GARDNER
8  MICHAEL P. CANTY
   ROGER W. YAMADA
9  140 Broadway
   New York, New York 10005
10 Telephone: 212/907-0700
   212/818-0477 (fax)
11 jgardner@labaton.com
   mcanty@labaton.com
12 ryamada@labaton.com

13 *Lead Counsel for Plaintiffs*

14

15                   UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17 | In re UBIQUITI NETWORKS, INC. | ) | Master File No. 12-cv-04677-YGR
18 | SECURITIES LITIGATION | ) | <u>CLASS ACTION</u>
19 | This Document Relates To: | ) | STIPULATION AND AGREEMENT OF
20 |    ALL ACTIONS. | ) | SETTLEMENT
21 | | ) |

22         This stipulation and agreement of settlement (the "Stipulation") is made and entered into

23 by and between Lead Plaintiffs Inter-Local Pension Fund GCC/IBT ("Inter-Local") and Bristol

24 County Retirement System ("Bristol County" and, together with Inter-Local, "Lead Plaintiffs"),

25 on behalf of themselves, and the proposed Settlement Class (defined below), on the one hand,

26 and Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company"), and Robert J. Pera ("Pera"), John

27

28

Ritchie ("Ritchie"), Peter Y. Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo and Robert M. Van Buskirk (the "Individual Defendants"), and UBS Securities LLC ("UBS"), Deutsche Bank Securities Inc. ("Deutsche Bank"), Raymond James & Associates, Inc. ("Raymond James") and KeyBanc Capital Markets Inc. (formerly known as Pacific Crest Securities LLC) ("Pacific Crest") (collectively, the "Underwriter Defendants" and with Ubiquiti and the Individual Defendants, the "Defendants"), on the other hand.

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms as set forth herein and in ¶ 1 hereof entitled "Definitions."

B.      On September 7, 2012, the initial complaint *Bell v. Ubiquiti Networks, Inc.*, No. 12-cv-4677-YGR, was filed in the United States District Court for the Northern District of California (the "Court"). Dkt. No. 1. A related action, *Goecker v. Ubiquiti Networks, Inc.*, No. 12-cv-04801-SI, was filed September 13, 2012. On November 6, 2012, motions to consolidate the related actions, to appoint a lead plaintiff and to approve lead plaintiff's selection of counsel were filed by four separate movants. Dkt. Nos. 8 - 24.

C.      On November 30, 2012, the Court issued an order consolidating the actions (the "Action"), appointing Inter-Local and Bristol County lead plaintiffs and approving their selection of Robbins Geller Rudman & Dowd LLP and Labaton Sucharow LLP as co-lead counsel (collectively, "Lead Counsel"). Dkt. No. 30.

D.      Lead Plaintiffs filed the Consolidated Amended Complaint for Violation of the Federal Securities Laws ("CAC") on January 29, 2013 alleging violations of §§11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act"), and §§10(b) and 20(a) of the Securities and Exchange Act of 1934 ("1934 Act"). Dkt. No. 54.

E.      On March 26, 2013, each of the Defendants moved to dismiss the CAC. Dkt. Nos. 56 – 60. On March 26, 2014, the Court granted Defendants' motions with leave to amend. Dkt. No. 75. On April 15, 2014, Lead Plaintiffs filed a notice of intent not to file an amended

complaint, and on April 16, 2014, the Court issued an order dismissing the case with prejudice. Dkt. Nos. 78-79.

F.     On September 24, 2014, Lead Plaintiffs appealed the dismissal of their claims under §§ 11 and 15 of the 1933 Act, and §§10(b) and 20(a) of the 1934 Act to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit").  Lead Plaintiffs did not appeal the dismissal of their claim under §12(a)(2) of the 1933 Act.  On October 24, 2016, the Ninth Circuit issued an order affirming in part and reversing in part the Court's March 26, 2014 order.  Dkt. No. 84.  The Ninth Circuit affirmed the Court's dismissal of the §§10(b) and 20(a) claims and reversed the dismissal of the §§11 and 15 claims, remanding the claims to the Court for further proceedings.

G.     At the direction of the Court, on January 30, 2017, Lead Plaintiffs filed the operative Consolidated Second Amended Complaint for Violations of the Federal Securities Laws ("SAC") asserting only those 1933 Act claims that remained upon remand.  Dkt. No. 96. Defendants answered the SAC on February 13, 2017. Dkt. No. 97.

H.     Defendants and Lead Plaintiffs engaged Robert A. Meyer, a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action.  On May 15, 2017, counsel for Lead Plaintiffs and Defendants met with Mr. Meyer in an attempt to reach a settlement.  The mediation involved an extended effort to settle the claims and was preceded by the exchange of mediation statements, as well as the exchange of informal discovery through which Ubiquiti and the Underwriter Defendants produced approximately 60,000 pages of documents to Lead Plaintiffs, including drafts of registration statements for the Company's October 14, 2011 initial public offering ("IPO"), road show presentations, underwriter memoranda, due diligence materials, board minutes, financial documents, emails, and documents related to counterfeiting of Ubiquiti's products.  However, the parties were unable to reach an agreement on May 15, 2017.  Following the mediation, Mr. Meyer continued his efforts to facilitate discussions among the parties.  Ultimately, Mr. Meyer

made a mediator's proposal to both sides concerning a settlement, which was agreed to on June 22, 2017.

I. Lead Plaintiffs, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) documents related to Ubiquiti's lawsuit against Kozumi USA Corp. and its owner, Shao Wei Hsu (the "Kozumi Litigation"); and other publicly available information and data concerning the Company; (v) approximately 60,000 pages of documents produced from Defendants during the pre-mediation informal discovery referenced above, including drafts of registration statements for the IPO, road show presentations, underwriter memoranda, due diligence materials, board minutes, financial documents, emails, and documents related to counterfeiting Ubiquiti's products; and (vi) the applicable law governing the claims and potential defenses. Lead Counsel also consulted with experts on damages issues.

J. Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiffs in the Action on behalf of the Settlement Class, including all claims in the complaints filed in the Action. Defendants also have denied and continue to deny, inter alia, the allegations that Plaintiffs or Class Members have suffered damage, or were otherwise harmed by the conduct alleged in the Action. Defendants have asserted and continue to assert that the Registration Statement contained no material misstatements or omissions. Defendants have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with all applicable rules, regulations, and laws. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the

Action be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and/or release of this Action and Released Claims.

K.     The Stipulation, whether or not consummated, any proceedings relating to any settlement, or any of the terms of any settlement, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.

L.     Lead Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through discovery, summary judgment and trial (and any possible appeals).  Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action.  Based on their evaluation, Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of the Settlement Class.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation ("Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims and all Released Defendants' Claims,

as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation), upon and subject to the following terms and conditions:

## **DEFINITIONS**

1.    As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)    "Action" means the civil action captioned *In re Ubiquiti Networks, Inc. Securities Litigation,* Master File No. 12-cv-04677-YGR (N.D. Cal.), pending in the United States District Court for the Northern District of California before the Honorable Yvonne Gonzalez Rogers.

(b)    "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate the Settlement by reason of such variance.

(c)    "Authorized Claimant" means a Settlement Class Member whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation and the Court-approved Plan of Allocation.

(d)    "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process proofs of claim, and to administer the Settlement.

(e)    "Class Period" means the period from October 14, 2011 through August 9, 2012, inclusive.

(f)    "Defendants" means Ubiquiti Networks, Inc., Robert J. Pera, John Ritchie, Peter Y. Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo, Robert M. Van Buskirk, UBS, Deutsche Bank, Raymond James, and Pacific Crest.

(g)     "Defendants' Counsel" means the law firms of Latham & Watkins LLP and Gibson, Dunn & Crutcher LLP.

(h)     "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶ 38 below.

(i)     "Escrow Account" means the separate escrow account designated and controlled by Lead Counsel at one or more national banking institutions into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

(j)     "Escrow Agent" means Lead Counsel.

(k)     "Fee and Expense Application" means Lead Counsel's application, on behalf of plaintiffs' counsel, for an award of attorneys' fees and payment of litigation expenses incurred in prosecuting the case, including any expenses to Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

(l)     "Final," with respect to a court order, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

1    (m)    "Individual Defendants" means Robert J. Pera, John Ritchie, Peter Y.

2  Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo and Robert M. Van

3  Buskirk.

4    (n)    "Judgment" means the proposed judgment to be entered by the Court

5  approving the Settlement, substantially in the form attached hereto as Exhibit B.

6    (o)    "Lead Counsel" means Labaton Sucharow LLP and Robbins Geller

7  Rudman & Dowd LLP.

8    (p)    "Lead Plaintiffs" means Inter-Local Pension Fund GCC/IBT and Bristol

9  County Retirement System.

10    (q)    "Mediator" means Robert A. Meyer.

11    (r)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded

12  attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any

13  other fees or expenses approved by the Court.

14    (s)    "Notice" means the Notice of Pendency of Class Action, Proposed

15  Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class

16  Members, which shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A

17  hereto.

18    (t)    "Notice and Administration Expenses" means all costs, fees, and expenses

19  incurred in connection with providing notice to the Settlement Class and the administration of

20  the Settlement, including but not limited to: (i) providing notice of the Settlement by mail,

21  publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims;

22  (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the Settlement

23  and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees

24  related to the Escrow Account and investment of the Settlement Fund.

25    (u)    "Person(s)" means any individual, corporation (including all divisions and

26  subsidiaries), general or limited partnership, association, joint stock company, joint venture,

27  limited liability company, professional corporation, estate, legal representative, trust,

28

unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(v) "Plaintiffs" means Inter-Local Pension Fund GCC/IBT, Bristol County Retirement System, Steven N. Bell and Brian Goecker.

(w) "Plan of Allocation" means the Plan of Allocation which shall be substantially in the form described in the Notice or any other plan of distributing the Net Settlement Fund as shall be approved by the Court.

(x) "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, substantially in the form attached hereto as Exhibit A.

(y) "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(z) "Released Claims" means any and all actions, suits, claims, demands, rights, liabilities, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues known or Unknown (as defined below), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether concealed or hidden, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, that have been or that might have been asserted by any Releasing Plaintiff Party against any of the Released Defendant Parties, arising out of, relating to, based upon, or in connection with both: (a) any purchase, acquisition, disposition, sale or holding of Ubiquiti publicly traded common stock during the Class Period and (b) any facts, claims, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act that were alleged, set forth, referred to, or that could have

been alleged in the Action against the Released Defendant Parties. For the avoidance of doubt, Released Claims include any claims under §§12(a)(2) and 15 of the 1933 Act, and §§10(b) and 20(a) of the 1934 Act, which were alleged or could have been alleged in this Action. Released Claims do not include claims relating to the enforcement of the Settlement.

(aa) "Released Defendant Parties" means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, trustees, fiduciaries, contractors, employees, attorneys, auditors, underwriters, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

(bb) "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that Defendants could have asserted against any of the Releasing Plaintiff Parties that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement.

(cc) "Released Parties" means the Released Defendant Parties and the Releasing Plaintiff Parties.

(dd) "Releasing Plaintiff Parties" means each and every Settlement Class Member, Plaintiffs, Lead Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships,

and limited liability companies; and the spouses, members of the immediate families, representatives, and heirs of any Releasing Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members. Releasing Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(ee)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

(ff)    "Settlement Amount" means the total principal amount of six million, eight hundred thousand U.S. dollars ($6,800,000) in cash.

(gg)    "Settlement Class" or "Settlement Class Member" means all Persons that purchased or acquired the publicly traded common stock of Ubiquiti Networks, Inc. pursuant and/or traceable to Ubiquiti Networks, Inc.'s initial public offering on or about October 14, 2011. Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Ubiquiti's and the Underwriter Defendants' subsidiaries and affiliates; (iv) the officers and directors of Ubiquiti; (v) any entity in which any Defendant has a controlling interest (but in the case of the Underwriter Defendants, only such entities that they have a majority ownership interest in); (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Settlement Class will be any Person who timely and validly seeks exclusion from the Settlement Class.

(hh)    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

(ii)    "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved, (ii) the Plan of Allocation is fair, reasonable and adequate and should be approved, and (iii) Lead Counsel's request for an award of attorneys' fees and expenses should be approved.

(jj)    "Stipulation" means this Stipulation and Agreement of Settlement.

(kk)  "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(ll)  "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(mm)  "Underwriter Defendants" means UBS, Deutsche Bank, Raymond James and Pacific Crest.

(nn)  "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Releasing Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member and Released Defendant Parties shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor**
> **does not know or suspect to exist in his or her favor at the time**

**of executing the release, which if known by him or her must**

**have materially affected his or her settlement with the debtor.**

Lead Plaintiffs, other Settlement Class Members, Defendants or any Released Defendant Party

may hereafter discover facts, legal theories, or authorities in addition to or different from those

which any of them now knows or believes to be true with respect to the subject matter of the

Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall

expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and

release, and each Settlement Class Member and Released Defendant Party shall be deemed to

have waived, compromised, settled, discharged, extinguished, and released, and upon the

Effective Date and by operation of the Judgment or Alternative Judgment shall have waived,

compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and

all Released Claims and Released Defendants' Claims as applicable, known or unknown,

suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent,

which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent

discovery or existence of such different or additional facts, legal theories, or authorities. Lead

Plaintiffs and Defendants acknowledge, and other Settlement Class Members and Released

Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of

"Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was

separately bargained for and was a material element of the Settlement.

<u>**SCOPE AND EFFECT OF SETTLEMENT**</u>

2.     The obligations incurred pursuant to the Stipulation are (a) subject to approval by

the Court and the Judgment, or Alternative Judgment, reflecting such approval becoming Final;

and (b) in full and final disposition of the Action with respect to the Released Parties and any and

all Released Claims and Released Defendants' Claims.

3.     For purposes of this Settlement only, the Parties agree to: (i) certification of the

Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the

Settlement Class as defined in ¶ 1(gg); (ii) the appointment of Lead Plaintiffs as Class

1 Representatives for the Settlement Class; and (iii) the appointment of Lead Counsel as Class

2 Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

3         4.       By operation of the Judgment or Alternative Judgment, as of the Effective Date,

4 Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each

5 of their respective heirs, executors, trustees, administrators, predecessors, successors, and

6 assigns, shall be deemed to have fully, finally, and forever waived, released, discharged, and

7 dismissed each and every one of the Released Claims against each and every one of the Released

8 Defendant Parties and shall forever be barred and enjoined from commencing, instituting,

9 prosecuting, or maintaining any and all of the Released Claims against any and all of the

10 Released Defendant Parties.

11         5.       By operation of the Judgment or Alternative Judgment, as of the Effective Date,

12 Defendants, on behalf of themselves and each of their respective heirs, executors, trustees,

13 administrators, predecessors, successors, and assigns, shall be deemed to have fully, finally, and

14 forever waived, released, discharged, and dismissed each and every one of the Released

15 Defendants' Claims against each and every one of the Releasing Plaintiff Parties and shall

16 forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any

17 and all of the Released Defendants' Claims against any and all of the Releasing Plaintiff Parties.

18                                 **THE SETTLEMENT CONSIDERATION**

19         6.       In full settlement of the claims asserted in the Action against Defendants and in

20 consideration of the releases specified in ¶¶ 4-5, above, all of which the Parties agree are good

21 and valuable consideration, Ubiquiti shall pay, or cause to be paid, the Settlement Amount into

22 the Escrow Account within twenty (20) calendar days after both (i) entry of the Preliminary

23 Approval Order and (ii) Lead Counsel provides to Latham & Watkins LLP information

24 necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to,

25 wire transfer instructions, payment address, and a complete and executed Form W-9 for the

26 Settlement Fund that reflects a valid tax identification number. If the Settlement Amount is not

27

28

timely paid, the unpaid balance shall earn interest at the rate of 8% per annum until paid. No other Defendants shall be responsible for such payments.

7.     With the sole exception of Ubiquiti's obligation to secure payment of the Settlement Amount into the Escrow Account as provided for in ¶ 6 and Ubiquiti's obligation pursuant to ¶ 6, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions or other payments from the Escrow Account, or the filing of any federal, state, or local returns.

8.     Other than the obligation of Ubiquiti to cause the payment of the Settlement Amount pursuant to ¶ 6, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

9.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any costs and expenses allowed by the PSLRA and awarded to Lead Plaintiffs by the Court; (v) to pay any other fees and expenses awarded by the Court; and (vi) to pay the claims of Authorized Claimants.

10.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 22 - 34 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until

such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11. After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to occur. Consistent with the foregoing:

(a) For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Lead Counsel or their successors, who shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income

1   earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided

2   in subparagraph (c) of this paragraph 11.

3             (b)      All Taxes shall be paid out of the Settlement Fund.  In all events,

4   Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the

5   Taxes or the filing of any tax return or other document with the Internal Revenue Service or any

6   other state or local taxing authority.  In the event any Taxes are owed by any of the Defendants

7   on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid

8   out of the Settlement Fund.  Any Taxes or Tax expenses owed on any earnings on the Settlement

9   Amount prior to its transfer to the Escrow Account shall be the sole responsibility of the entities

10  that make the deposit.

11            (c)      Taxes shall be treated as, and considered to be, a cost of administration of

12  the Settlement and shall be timely paid, or caused to be paid, by Lead Counsel out of the

13  Settlement Fund without prior order from the Court or approval by Defendants, and Lead

14  Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from

15  distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any

16  amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).  The Parties

17  agree to cooperate with Lead Counsel, each other, and their tax attorneys and accountants to the

18  extent reasonably necessary to carry out the provisions of this paragraph 11.

19            12.      This is not a claims-made settlement.  As of the Effective Date, Defendants,

20  and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right

21  to the return of the Settlement Fund or any portion thereof for any reason.

22                         **ATTORNEYS' FEES AND EXPENSES**

23            13.      Lead Counsel, on behalf of all Plaintiffs' counsel, will apply to the Court for an

24  award from the Settlement Fund of attorneys' fees and payment of litigation expenses incurred in

25  prosecuting the Action, including any earnings on such amounts at the same rate and for the

26  same periods as earned by the Settlement Fund.  Lead Counsel reserves the right to make

27  additional applications for fees and expenses incurred.

28

14.     The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel immediately after entry of the Order awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the awarded fees and expenses, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and expenses among Plaintiffs' counsel.

15.     Any payment of attorneys' fees and expenses pursuant to ¶¶ 13-14 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Lead Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16.     With the sole exception of Ubiquiti's obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶ 6, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Plaintiffs' counsel in the Action that may occur at any time.

17.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses among Plaintiffs' counsel in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18.     Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

19.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶¶ 39 and 42 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## ADMINISTRATION EXPENSES

20.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21.     Prior to the Effective Date, without further approval from Defendants or further order of the Court, Lead Counsel may expend up to $500,000 from the Settlement Fund to pay Notice and Administration Expenses actually incurred. Additional sums for this purpose prior to the Effective Date may be paid from the Settlement Fund upon agreement of the Parties or order of the Court. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. After the Effective Date, without approval of Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.

## **DISTRIBUTION TO AUTHORIZED CLAIMANTS**

22.     The Claims Administrator, subject to such supervision and direction of Lead Counsel and/or the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Class Members subject to the jurisdiction of the Court and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶ 6 and 36 hereof), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

23.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

24.     Defendants have no role in the development of the Plan of Allocation.  The Plan of Allocation is a matter separate and apart from the Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of the Stipulation and it is not a condition of the Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiffs and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 39 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

25.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

26.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Settlement Class Members. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated in equal amounts to Bay Area Legal Aid and Consumer Federation of America.

## ADMINISTRATION OF THE SETTLEMENT

27.     Any Settlement Class Member who fails timely to submit a valid Proof of Claim (substantially in the form of Exhibit 2 to Exhibit A) will not be entitled to receive any of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

28.     Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted. Defendants and Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims of Settlement Class Members.

29.     For purposes of determining the extent, if any, to which a claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each claimant shall be required to submit a Proof of Claim, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead Counsel in their discretion or by Order of the Court.  Any Settlement Class Member who fails to submit a Proof of Claim by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Proofs of Claim are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Defendant Party.  A Proof of Claim shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.  Lead Counsel shall have no liability for their discretion in accepting late claims;

(c)     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under such supervision of Lead Counsel as necessary, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable

deficiencies in the Proof of Claim submitted.  The Claims Administrator, under such supervision of Lead Counsel, as necessary, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

(e)     If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.

30.     Each claimant who submits a Proof of Claim shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

31.     Payment pursuant to the Stipulation and Plan of Allocation shall be deemed final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Claims.

32. All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

33. No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 27-33) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

34. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, or the Claims Administrator, or other Person designated by Lead Counsel, based on the distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

35. Concurrently with their application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, and no later than five (5) business days after the execution of the Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

36. Ubiquiti shall provide, or cause to be provided, to Lead Counsel and/or the Claims Administrator, at no cost to Lead Counsel, Lead Plaintiffs or the Settlement Class, within five (5) business days of entry of the Preliminary Approval Order, transfer records obtained from Computershare in electronic searchable form, such as Excel, containing the names and addresses of Persons who purchased or acquired the publicly traded common stock of Ubiquiti during the Class Period, to the extent that information is available to Computershare. Ubiquiti expressly

disclaims any other obligation or ability to identify Persons who purchased or acquired the publicly traded common stock of Ubiquiti during the Class Period, as well as the accuracy of information provided by Computershare.

## TERMS OF THE JUDGMENT

37.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

38.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account pursuant to ¶ 6;

(c)     approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, will have been entered by the Court and will have become Final; or in the event that an Alternative Judgment will have been entered, the Alternative Judgment will have become Final.

## WAIVER OR TERMINATION

39.     Defendants and Lead Plaintiffs shall have the right to terminate the Settlement and the Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within fourteen (14) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to

enter the Judgment in any material respect or an Alternative Judgment; or (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States.  For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order relating to the Fee and Expense Application or any plan of allocation.

40. In addition to the foregoing, Defendants shall also have the right to withdraw from the Settlement in the event the Termination Threshold (defined below) has been reached.

(a) Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement").  The Supplemental Agreement sets forth certain conditions under which Ubiquiti shall have the option to terminate the Settlement and render the Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold").  The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will use their best reasonable efforts to have the Supplemental Agreement submitted to the Court *in camera* or under seal.  In the event of a termination of the Settlement pursuant to the Supplemental Agreement, the Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 46 – 48 which shall continue to apply.

41. The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than sixty (60) calendar days after the date for the initial mailing of the Notice to Settlement Class Members in the Preliminary Approval Order ("Notice Date").  Upon receiving any request for exclusion pursuant to the Notice, the Claims

Administrator shall promptly, and no later than fifteen (15) calendar days prior to the Settlement

Hearing, notify Lead Counsel and Defendants' Counsel of such request for exclusion and

provide copies of such request for exclusion and any documentation accompanying it by email.

42.     In addition to all of the rights and remedies that Lead Plaintiffs have under the

terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement in

the event that the Settlement Amount has not been paid in the time period provided for in ¶ 6

above, by providing written notice of the election to terminate to all other Parties' counsel and,

thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of

such written notice.

43.     If, before the Settlement becomes Final, any Defendant files for protection under

the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is

appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a

court of competent jurisdiction determining the transfer of money or any portion thereof to the

Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer,

fraudulent transfer or similar transaction and any portion thereof is required to be returned, and

such amount is not promptly deposited into the Settlement Fund by others, then, at the election of

Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the release given

and the Judgment or Alternative Judgment entered in favor of that Defendant or all Defendants,

and that Defendant or all Defendants, Lead Plaintiffs and the members of the Settlement Class

shall be restored to their litigation positions immediately prior to June 22, 2017.  All releases and

the Judgment or Alternative Judgment as to other Defendants shall remain unaffected.

44.     Ubiquiti warrants, as to itself and the payments made on its behalf, that, at the

time of such payment, it will not be insolvent, nor will payment render it insolvent, within the

meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections

101 and 547 thereof.

45.     If an option to withdraw from and terminate this Stipulation and Settlement arises

under any of ¶¶ 39 - 43 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be)

will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiffs, as applicable.

46. With the exception of the provisions of ¶¶ 46 - 48 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to June 22, 2017; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

47. In the event the Settlement is terminated or fails to become effective for any reason, any portion of the Settlement Amount previously paid, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to the Person(s) that made the deposit(s) within fifteen (15) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel. At the request of Defendants' Counsel, the Escrow Agent or their designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to the Person(s) that made the deposits or as otherwise directed.

## NO ADMISSION

48. Except as set forth in ¶ 49 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with

settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d) do not constitute, and shall not be construed against Defendants, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the

consideration to be given hereunder represents the amount that could be or would have been

recovered after trial; and

        (e)     do not constitute, and shall not be construed as or received in evidence as

an admission, concession, or presumption against Lead Plaintiffs, or any other member of the

Settlement Class that any of their claims are without merit or infirm or that damages recoverable

under the Complaint would not have exceeded the Settlement Amount.

        49.     Notwithstanding ¶ 48 above, the Parties, and their respective counsel, may file

this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought

against them in order to support a defense or counterclaim based on principles of *res judicata*,

collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement,

judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar

defense or counterclaim, or to effectuate any liability protection granted them under any

applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or

Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation

and/or the Judgment or Alternative Judgment.  All Parties submit to the jurisdiction of the Court

for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

        50.     All of the exhibits to the Stipulation, and the Supplemental Agreement are

material and integral parts hereof and are fully incorporated herein by this reference.

        51.     The Parties intend the Settlement to be the full, final, and complete resolution of

all claims asserted or that could have been asserted by the Parties with respect to the Released

Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any

forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable

basis.  The Parties and their respective counsel agree that each has complied fully with Rule 11

of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution,

defense, and settlement of the Action and shall not make any application for sanctions, pursuant

to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action.  The

Judgment shall contain a finding that the Parties and their counsel at all times complied with Rule 11. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

52. This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto.

53. Ubiquiti shall be responsible for and shall pay for, at no cost to the Settlement Class, timely service of any notice that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

54. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

55. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses, and implementing and enforcing the terms of this Stipulation.

56. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

57. This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

58. Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

59. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

60. All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

61. This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

62. This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

63. This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

64. The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

65. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

66. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67. The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the

the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

66.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

67.    The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement, the Plan of Allocation and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

68.    Except as otherwise provided herein, each Party shall bear its own costs.


**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 4, 2017.

                    **LABATON SUCHAROW LLP**


By: _____
                    Jonathan Gardner (*pro hac vice*)
                    Michael P. Canty (*pro hac vice*)
                    Roger W. Yamada (*pro hac vice*)
                    140 Broadway
                    New York, NY 10005
                    Telephone: (212) 907-0700
                    Facsimile: (212) 818-0477

                    *Lead Counsel for Plaintiffs*

ROBBINS GELLER RUDMAN
& DOWD LLP

By: _____
Christopher P. Seefer (201197)
Daniel J. Pfefferbaum (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415)288-4534

ROBBINS GELLER RUDMAN
& DOWD LLP
Jeffrey D. Light (159515)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (415) 231-7423

*Lead Counsel for Plaintiffs*

LATHAM & WATKINS LLP

By: _____
Peter A. Wald (85705)
Gavin M. Masuda (260480)
Eric Chen (287046)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095

*Attorneys for the Ubiquiti Defendants*

GIBSON DUNN & CRUTCHER LLP

By: _____
Ethan D. Dettmer (196046)
Joshua S. Lipshutz (242557)

ROBBINS GELLER RUDMAN
& DOWD LLP

By: _____
Christopher P. Seefer (201197)
Daniel J. Pfefferbaum (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 288-4545
Facsimile: (415)288-4534

ROBBINS GELLER RUDMAN
& DOWD LLP
Jeffrey D. Light (159515)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (415) 231-7423

*Lead Counsel for Plaintiffs*

LATHAM & WATKINS LLP

By: _____
Peter A. Wald (85705)
Gavin M. Masuda (260480)
Eric Chen (287046)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415-391-0600
Facsimile: 415-395-8095

*Attorneys for the Ubiquiti Defendants*

GIBSON DUNN & CRUTCHER LLP

By: _____
Ethan D. Dettmer (196046)
Joshua S. Lipshutz (242557)

EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | Master File No. 12-cv-04677-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES |

**If you purchased or acquired the publicly traded common stock of Ubiquiti Networks, Inc. pursuant and/or traceable to Ubiquiti Networks, Inc.'s initial public offering on or about October 14, 2011, you may be entitled to receive money from a class action settlement.**

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.

- The Settlement, if approved by the Court, will provide a total recovery of **$6,800,000** (on average approximately $1.00 per share[1] before the deduction of Court-approved fees and expenses) in cash for the benefit of the Settlement Class (described below).[2]

- The Settlement resolves claims by Lead Plaintiffs Inter-Local Pension Fund GCC/IBT and Bristol County Retirement System in a class action against Ubiquiti Networks, Inc. ("Ubiquiti" or the "Company"), and Robert J. Pera, John Ritchie, Peter Y. Chung, Christopher J. Crespi, Charles J. Fitzgerald, John L. Ocampo, and Robert M. Van Buskirk (the "Individual Defendants"), and UBS Securities LLC, Deutsche Bank Securities Inc., Raymond James & Associates, Inc., and KeyBanc Capital Markets Inc. (formerly known as Pacific Crest Securities LLC) (collectively, the "Underwriter Defendants" and with Ubiquiti and the Individual Defendants, the "Defendants").

- The lawsuit alleged that statements made in the Registration Statement and Prospectus ("Registration Statement") issued in connection with the Company's October 14, 2011 initial public offering ("IPO") were materially false or misleading. The two sides disagreed about whether investors could have prevailed at trial and, if so, how much money they could have won.

- Court-appointed lawyers for the investors will ask the Court for no more than $1,700,000 in attorneys' fees (25% of the Settlement Fund) and up to $200,000 in litigation expenses for their work litigating the case and negotiating the Settlement. If approved by the Court, these amounts (totaling on average approximately $0.28 per share) will be deducted from the $6,800,000 Settlement.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and after any appeals are resolved. Please be patient.

- **If you are a Settlement Class Member, your legal rights will be affected by this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM BY DECEMBER 5, 2017** | The <u>only</u> way to get a payment. |
| **EXCLUDE YOURSELF BY NOVEMBER 27, 2017** | You will get no payment. This is the only option that, assuming your claim is timely brought, might allow you ever to bring or be part of any other lawsuit against the Defendants and/or the other Released Defendant Parties concerning the Released Claims. |
| **OBJECT BY NOVEMBER 27, 2017** | Write to the Court about why you do not like the Settlement, the Fee and Expense Application, or the proposed Plan of Allocation. |
| **GO TO A HEARING ON DECEMBER 19, 2017** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

<u>Identification of Attorneys' Representatives</u>

Lead Plaintiffs and the Settlement Class are being represented by Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP, Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to Jonathan Gardner, Labaton Sucharow

---

[1] A share might have been traded more than once, and the recovery indicated above represents the estimated average for each purchase of a share pursuant to the IPO, including those shares that were traded more than once that allegedly incurred damages.

[2] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, dated as of August 4, 2017 (the "Stipulation"), which can be viewed at www.ubiquitisecuritieslitigation.com.

LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com, and Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, (800) 449-4900, www.rgrdlaw.com.

## BASIC INFORMATION

### 1.    Why did I get this Notice?

The Court authorized that this Notice be sent to you because you or someone in your family may have purchased or acquired Ubiquiti's publicly traded common stock pursuant and/or traceable to Ubiquiti's IPO on or about October 14, 2011.

If this description applies to you or someone in your family, you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this Action is the United States District Court for the Northern District of California (the "Court"), and the case is known as *In re Ubiquiti Networks, Inc. Securities Litigation,* Master File No. 12-cv-4677-YGR (N.D. Cal.) (the "Action").  The Action is assigned to the Honorable Yvonne Gonzalez Rogers, United States District Judge.

The Court did not decide in favor of the Plaintiffs or the Defendants.  Instead, they have agreed to a settlement.  For Lead Plaintiffs, the principal reason for the Settlement is the certain benefit of a substantial cash recovery for the class, in contrast to the costs and delay of fact and expert discovery; the uncertainty of having a class of Ubiquiti investors certified; the risk that the Court may grant, in whole or in part, some or all of the anticipated motions for summary judgment to be filed by Defendants; the uncertainty of being able to prove the allegations at a jury trial; and the difficulties and delays inherent in such litigation (including any appeals).

For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that any Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to bring to an end the substantial burden, expense, uncertainty, and risk of further litigation.

### 2.    What is this lawsuit about?  What has happened so far?

Ubiquiti is a designer and manufacturer of wireless networking products. At the time of the Consolidated Amended Complaint for Violation of the Federal Securities Laws ("CAC"), its products were made in China and sold worldwide, primarily in emerging markets. As detailed in the CAC, Lead Plaintiffs allege that the Company's Registration Statement contained materially false and misleading statements that counterfeiting of Ubiquiti's wireless networking products was merely a risk faced by the Company.  Plaintiffs allege that, instead, at the time of the IPO, an international counterfeiting ring was already operational and causing substantial harm to Ubiquiti's financial results and damaging its goodwill and reputation.  Plaintiffs allege that when disclosures were allegedly made about the impact of the counterfeiting, Ubiquiti's stock price fell, allegedly damaging class members.

Beginning in September 2012, two class actions were filed in the U.S. District Court for the Northern District of California on behalf of investors in Ubiquiti.  By order dated November 30, 2012, the Court consolidated the related securities actions, appointed Inter-Local Pension Fund GCC/IBT and Bristol County Retirement System as Lead Plaintiffs, and appointed Labaton Sucharow and Robbins Geller as co-lead counsel to represent the class.

Lead Plaintiffs filed the CAC on January 29, 2013, alleging violations of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "1933 Act"), and §§ 10(b) and 20(a) of the Securities and Exchange Act of 1934 (the "1934 Act"), arising from allegedly false statements in the Company's Registration Statement and after the IPO, through August 9, 2012, the latest date by which facts that Plaintiffs allege to have been "concealed" from investors were fully disclosed.  On March 26, 2013, each of the Defendants moved to dismiss the CAC. On March 26, 2014, the Court granted Defendants' motions in their entirety with leave to amend.  On April 15, 2014, Lead Plaintiffs filed a notice of intent not to file an amended complaint, and on April 16, 2014, the Court issued an order dismissing the case with prejudice.

On September 24, 2014, Lead Plaintiffs appealed the dismissal of their claims under §§ 11 and 15 of the 1933 Act, and §§ 10(b) and 20(a) of the 1934 Act to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit").  Lead Plaintiffs did not appeal the dismissal of their claim under § 12(a)(2) of the 1933 Act.  On October 24, 2016, the Ninth Circuit issued an order affirming in part and reversing in part the Court's March 26, 2014 order.  The Ninth Circuit affirmed the Court's dismissal of the §§ 10(b) and 20(a) claims and reversed the dismissal of the §§ 11 and 15 claims, remanding the claims to the Court for further proceedings.

At the direction of the Court, on January 30, 2017, Lead Plaintiffs filed the operative Consolidated Second Amended Complaint for Violations of the Federal Securities Laws (the "SAC") asserting only those 1933 Act claims alleging material misstatements and omissions in the Company's Registration Statement for the IPO that remained after the Ninth Circuit's October 24, 2016 order. Defendants answered the SAC on February 13, 2017, denying Lead Plaintiffs' allegations and asserting affirmative defenses.

Lead Plaintiffs, through Lead Counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subjects of the Action.  This process included reviewing and analyzing, among other things, documents related

to Ubiquiti's lawsuit against Kozumi USA Corp. and its owner, Shao Wei Hsu (the "Kozumi Litigation"), and approximately 60,000 pages of documents produced by Defendants during pre-mediation informal discovery referenced below, including drafts of registration statements for the Company's October 14, 2011 IPO, road show presentations, underwriter memoranda, due diligence materials, board minutes, financial documents, emails, and documents related to counterfeiting Ubiquiti's products.

Defendants and Lead Plaintiffs engaged Robert A. Meyer, a well-respected and highly experienced mediator, to assist them in exploring a potential negotiated resolution of the claims in the Action. On May 15, 2017, counsel for Lead Plaintiffs and Defendants met with Mr. Meyer in an attempt to reach a settlement. The mediation involved an extended effort to settle the claims and, prior to the mediation, the Parties exchanged detailed mediation statements, as well as informal discovery through which Ubiquiti and the Underwriter Defendants produced approximately 60,000 pages of documents to Lead Plaintiffs, including drafts of registration statements for the IPO, road show presentations, underwriter memoranda, due diligence materials, board minutes, financial documents, emails, and documents related to counterfeiting of Ubiquiti's products. However, the Parties were unable to reach an agreement on May 15, 2017. Following the mediation, Mr. Meyer continued his efforts to facilitate discussions among the Parties. Ultimately, Mr. Meyer made a mediator's proposal to both sides to settle the Action for $6,800,000, which was separately agreed to by the Parties on June 22, 2017.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons or entities (in this case, the Lead Plaintiffs), sue on behalf of people and entities who have similar claims. Together, these people and entities are a class, and each is a class member. Bringing a case, such as this one, as a class action allows the Court to resolve many similar claims of persons and entities that might be economically too small to bring as individual actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am part of the Settlement Class? |
|---|---|

The Court has decided, for the purposes of the proposed Settlement, that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (*see* Question 5 below) or take steps to exclude themselves (*see* Question 10 below):

> All persons and entities that purchased or acquired the publicly traded common stock of Ubiquiti pursuant and/or traceable to Ubiquiti's initial public offering on or about October 14, 2011.

Check your investment records or contact your broker to see if you purchased or acquired the publicly traded common stock of Ubiquiti during the period from October 14, 2011 through May 3, 2012, inclusive. If so, you are presumed to have purchased or acquired your shares pursuant and/or traceable to Ubiquiti's IPO on or about October 14, 2011. You are **not** part of the Settlement Class if you only purchased or acquired the publicly traded common stock of Ubiquiti *after* May 3, 2012, because your purchase or acquisition was not pursuant or traceable to Ubiquiti's IPO.

| 5. | Are there exceptions to being included? |
|---|---|

Yes. Some people are excluded from the Settlement Class by definition. Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate families of the Individual Defendants; (iii) Ubiquiti's and the Underwriter Defendants' subsidiaries and affiliates; (iv) the officers and directors of Ubiquiti; (v) any entity in which any Defendant has a controlling interest (but in the case of the Underwriter Defendants, only such entities that they have a majority interest in); and (vi) the legal representatives, heirs, successors and assigns of any such excluded person or entity.

Also excluded from the Settlement Class is anyone who submits a valid and timely request for exclusion from the Settlement Class, in accordance with the procedures set forth in Question 10 below.

| 6. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included in the Settlement, you can ask for free help. You can call the Claims Administrator toll-free at (844) 402-8574, send an e-mail to the Claims Administrator at info@ubiquitisecuritieslitigation.com, or write to the Claims Administrator at *Ubiquiti Networks Securities Litigation,* c/o GCG, P.O. Box 10484, Dublin, OH 43017-4084. Or you can fill out and return the Proof of Claim form described in Question 8 to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 7. | How much will my payment be? |
|---|---|

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Ubiquiti has agreed to create a $6,800,000 cash fund, which will earn interest, to be distributed after the deduction of Court-approved fees and expenses among all Settlement Class Members who submit a valid Claim Form and are found to be entitled to a distribution from the Net Settlement Fund ("Authorized Claimants"). Authorized Claimants are those Settlement Class Members whose claim for recovery from the Settlement has been allowed pursuant to the terms of the Stipulation and the Court-approved Plan of Allocation.

If you are an Authorized Claimant entitled to a payment, your share of the Net Settlement Fund will depend on several things, including, how many Settlement Class Members timely send in valid Claim Forms; the total amount of Recognized Losses of other Settlement Class Members; how many shares of Ubiquiti publicly traded common stock you purchased; the prices and dates of those purchases; and the prices and dates of any sales.

The prices and dates of your purchases and sales of Ubiquiti publicly traded common stock are needed to calculate your claim under the Court-approved Plan of Allocation. *See* Plan of Allocation at pages 8-9, below. Settlement Class Members must report on their Claim Forms all their purchases and sales of Ubiquiti publicly traded common stock from October 14, 2011 through April 25, 2013. (April 25, 2013 is when Ubiquiti's stock price rebounded to $15.00, the IPO offering price.) Transactional information about purchases and sales after the IPO is needed in order to apply properly the formulas in the Plan of Allocation, which generally follow how damages are calculated under the 1933 Act. However, you cannot recover for purchases after May 3, 2012, because they were not pursuant to or traceable to the IPO, and you cannot recover for shares sold after April 25, 2013, because under the 1933 Act, a purchaser cannot recover based on a share sold for a price greater than or equal to the IPO offering price.

You can calculate your Recognized Loss in accordance with the formulas shown below in the Plan of Allocation. It is unlikely that you will receive a payment for all of your Recognized Loss. *See* the Plan of Allocation of Net Settlement Fund on pages 8-9 for more information on your Recognized Loss.

**HOW YOU RECEIVE A PAYMENT: SUBMITTING A PROOF OF CLAIM FORM**

| **8.  How can I receive a payment?** |
| --- |

To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. If you did not receive a Claim Form, you can obtain one on the internet at the website for the Claims Administrator: www.ubiquitisecuritieslitigation.com. You can also ask for a Claim Form by calling the Claims Administrator toll-free at (844) 402-8574.

Please read the instructions carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail or submit it to the Claims Administrator so that it is **postmarked or electronically submitted no later than December 5, 2017.**

| **9.  What am I giving up to receive a payment or stay in the Settlement Class?** |
| --- |

Unless you exclude yourself, you are staying in the Settlement Class, and that means that, upon the "Effective Date," you will release all "Released Claims," including "Unknown Claims," as defined below, against the "Released Defendant Parties."

**"Class Period"** means the period from October 14, 2011 through August 9, 2012, inclusive. This was the Class Period in the CAC (filed on January 29, 2013), when the case included claims under §§ 10(b) and 20(a) of the 1934 Act. The claims under the 1934 Act were dismissed by the Court, and the Court's dismissal of those claims was upheld by the Ninth Circuit. The SAC (filed on January 30, 2017) alleges wrongdoing by the Defendants throughout the Class Period, and the Defendants deny any such wrongdoing.

**"Released Claims"** means any and all actions, suits, claims, demands, rights, liabilities, damages, costs, restitution, rescission, interest, attorneys' fees, expert or consulting fees, expenses, matters and issues known or Unknown (as defined below), contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, whether concealed or hidden, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether based on federal, state, local, foreign, statutory or common law or any other law, rule or regulation, that have been or that might have been asserted by any Releasing Plaintiff Party against any of the Released Defendant Parties, arising out of, relating to, based upon, or in connection with both: (a) any purchase, acquisition, disposition, sale or holding of Ubiquiti publicly traded common stock during the Class Period and (b) any facts, claims, matters, allegations, transactions, events, disclosures, representations, statements, acts, or omissions or failures to act that were alleged, set forth, referred to, or that could have been alleged in the Action against the Released Defendant Parties. For the avoidance of doubt, Released Claims include any claims under §§ 12(a)(2) and 15 of the 1933 Act, and §§ 10(b) and 20(a) of the 1934 Act, which were alleged or could have been alleged in this Action. Released Claims do not include claims relating to the enforcement of the Settlement.

**"Released Defendant Parties"** means Defendants, Defendants' Counsel, and each of their respective past or present subsidiaries, parents, affiliates, principals, successors and predecessors, joint venturers, assigns, officers, directors, shareholders, underwriters, trustees, partners, members, agents, fiduciaries, contractors, employees, attorneys, insurers, co-insurers, reinsurers, controlling shareholders, accountants or auditors, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, estates, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of an Individual Defendant's immediate family, or any trust of which any Individual Defendant is a settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and each of the heirs, executors, administrators, predecessors, successors, and assigns of the foregoing.

**"Unknown Claims"** means any and all Released Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Releasing Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the

Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member and Released Defendant Parties shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs, other Settlement Class Members, Defendants, or any Released Defendant Party may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Settlement Class Member and Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members and Released Defendant Party by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal. If you remain a Member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note:** if you decide to exclude yourself because you want to bring your own lawsuit to pursue claims alleged in the Action, you may want to consult with an attorney and discuss whether your individual claim would be time-barred by the applicable statutes of limitations or repose. Also, Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Ubiquiti common stock seek exclusion from the Settlement Class.

| **10. How do I exclude myself from the proposed Settlement?** |
| --- |

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "wish to be excluded from the Settlement Class in '*In re Ubiquiti Networks, Inc. Securities Litigation,* No. 12-4677 (N.D. Cal.).'" You cannot exclude yourself by telephone or e-mail. Your letter must state the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Ubiquiti publicly traded common stock during the period from October 14, 2011 through May 3, 2012. Your letter must include your name, mailing address, telephone number, e-mail address, and signature. You must submit your exclusion request so that it is **postmarked no later than November 27, 2017** to:

Ubiquiti Networks Securities Litigation
c/o GCG
P.O. BOX 10484
Dublin, OH 43017-4084

Your exclusion request must comply with these requirements in order to be valid. If you ask to be excluded, you will not receive any payment from the Net Settlement Fund, and you cannot object to the Settlement.

| **11. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?** |
| --- |

No. Unless you properly exclude yourself, you remain in the Settlement Class and you give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit, **speak to your lawyer in that case immediately.** You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **November 27, 2017.**

## THE LAWYERS REPRESENTING YOU

| **12. Do I have a lawyer in this case?** |
| --- |

The Court ordered the law firms of Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP to represent all Settlement Class Members. These lawyers are called Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **13.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel have not been paid for any of their work. They will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than 25% of the Settlement Fund, which includes interest on such fees at the same rate as earned by the Settlement Fund. Lead Counsel will also seek payment of their litigation expenses in connection with the prosecution of this Action of no more than $200,000, plus interest on such expenses at the same rate as earned by the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **14.** | **How do I tell the Court that I do not like something about the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or the Fee and Expense Application. You may write to the Court about your objection. You can ask the Court not to approve the Settlement, however you cannot ask the Court to order a larger settlement – the Court can only approve or deny this Settlement. If the Court denies approval, the Settlement payments will not be sent out and the lawsuit will continue. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement in "*In re Ubiquiti Networks, Inc. Securities Litigation,* No. 12-4677 (N.D. Cal.)." You must include your name, address, telephone number, e-mail address, and signature; identify the date(s), price(s), and number(s) of shares of Ubiquiti publicly traded common stock purchased, acquired, and/or sold; state the reasons why you object to the Settlement and which part(s) of the Settlement you object to; and include any legal support and/or evidence, to support your objection. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and shall be forever foreclosed from making any future objection.  Your objection must be submitted to the Court either by mailing the objection to the Clerk of the Court at the address below or by filing the objection in person at the location below, and mailed to Lead Counsel and Defendants' Counsel so that it is **postmarked on or before November 27, 2017:**

### The Court

Clerk of the Court
United States District Court for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| LABATON SUCHAROW LLP | LATHAM & WATKINS LLP |
| Jonathan Gardner, Esq. | Peter A. Wald, Esq. |
| 140 Broadway | 505 Montgomery Street, Suite 2000 |
| New York, NY 10005 | San Francisco, CA 94111 |
| | |
| ROBBINS GELLER RUDMAN & DOWD LLP | GIBSON DUNN & CRUTCHER LLP |
| Daniel J. Pfefferbaum, Esq. | Ethan D. Dettmer, Esq. |
| Post Montgomery Center | 555 Mission St., Suite 3000 |
| One Montgomery Street, Suite 1800 | San Francisco, CA 94105 |
| San Francisco, CA 94104 | |

You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures set out in this Question 14 and below in Question 17 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court, either in person or through an attorney, arranged at his, her, or its own expense.

| **15.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Fee and Expense Application. You can still recover from the Settlement, and you will still be bound by the Settlement and any Court order in this Action. You can object *only* if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## THE SETTLEMENT HEARING

| **16.** | **When and where will the Court decide whether to approve the proposed Settlement?** |

The Court will hold the Settlement Hearing on **December 19, 2017 at 2:00 p.m.**, in Courtroom 1, 4th Floor of the Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612.

At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate and should be finally approved; (ii) whether the proposed Plan of Allocation is fair, reasonable, and adequate; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of litigation expenses. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed or periodically check the Court's website at www.cand.uscourts.gov/ygr or the case-specific website at www.ubiquitisecuritieslitigation.com to see if the Settlement Hearing stays as calendared or is changed.

| **17.** | **May I speak at the Settlement Hearing?** |

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must submit a statement that it is your intention to appear in "*In re Ubiquiti Networks, Inc. Securities Litigation,* No. 12-4677 (N.D. Cal.)." Persons who intend to object to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, and desire to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 14 above) the identity of any witness they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you excluded yourself from the Settlement Class or if you have not provided written notice of your objection and/or intention to speak at the Settlement Hearing in accordance with the procedures described in Questions 10, 14, and 17.

## IF YOU DO NOTHING

| **18.** | **What happens if I do nothing at all?** |

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Claims in this case, you must exclude yourself from the Settlement Class (*see* Question 10).

## GETTING MORE INFORMATION

| **19.** | **Are there more details about the proposed Settlement?** |

This Notice summarizes the proposed Settlement. More details are in the Stipulation. Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation will be filed with the Court no later than November 13, 2017 and will be available from Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, CA 94612, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by calling the Claims Administrator toll free at (844) 402-8574; writing to the Claims Administrator at *Ubiquiti Networks Securities Litigation,* c/o GCG, P.O. Box 10484, Dublin, OH 43017-4084 or visiting the websites of the Claims Administrator or Lead Counsel at www.ubiquitisecuritieslitigation.com, www.labaton.com, or www.rgrdlaw.com where you will find answers to common questions about the Settlement, download copies of the Stipulation or Claim Form, and locate other information.

### Please do not Call the Court with Questions about the Settlement.

# PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

## A.    Preliminary Matters

The Settlement Amount and the interest it earns is the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund will be distributed to Members of the Settlement Class who timely submit valid Claim Forms that show a Recognized Loss according to the Plan of Allocation approved by the Court. The Court may approve this Plan of Allocation or modify it without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website at: www.ubiquitisecuritieslitigation.com, and at www.labaton.com, or www.rgrdlaw.com.

The purpose of this Plan of Allocation of the Net Settlement Fund ("Plan of Allocation" or "Plan") is to establish a reasonable and equitable method of distributing the Net Settlement Fund among Authorized Claimants who allegedly suffered economic losses as a result of the alleged violations of the federal securities laws. For purposes of determining the amount an Authorized Claimant may recover under this Plan, Lead Counsel have conferred with a consulting damages expert. This Plan is intended to be consistent generally with an assessment of, among other things, the damages that Lead Counsel and Lead Plaintiffs believe were recoverable in the Action. The Plan, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. An individual Settlement Class Member's recovery will depend on, for example: (a) the total number of claims submitted; (b) when the Settlement Class Member purchased or acquired Ubiquiti publicly traded common stock; and (c) whether and when the Settlement Class Member sold his, her, or its shares of Ubiquiti common stock.

The prices and dates of your purchases and sales of Ubiquiti publicly traded common stock are needed to calculate your claim under this Plan of Allocation. Settlement Class Members must report on their Claim Forms all their purchases and sales of Ubiquiti publicly traded common stock from October 14, 2011 through April 25, 2013. (April 25, 2013 is when Ubiquiti's stock price rebounded to $15.00, the IPO offering price.) Transactional information about purchases and sales after the IPO is needed in order to apply properly the formulas in the Plan, which generally follow how damages are calculated under the 1933 Act. However, you cannot recover for purchases after May 3, 2012, because they were not pursuant or traceable to the IPO, and you cannot recover for shares sold after April 25, 2013, because under the 1933 Act, a purchaser cannot recover based on a share sold for a price greater than or equal to the IPO offering price.

Because the Net Settlement Fund is less than the total losses alleged to be suffered by Settlement Class Members, the formulas described below for calculating Recognized Losses are not intended to estimate the amount that will actually be paid to Authorized Claimants. Rather, these formulas provide the basis on which the Net Settlement Fund will be distributed among Authorized Claimants on a *pro rata* basis. An Authorized Claimant's Recognized Loss shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Loss divided by the total of the Recognized Losses of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. Lead Plaintiffs, Lead Counsel, and anyone acting on their behalf, likewise will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

## B.    Calculation of Recognized Loss Amounts

For Ubiquiti publicly traded common stock purchased or acquired pursuant and/or traceable to the Company's IPO on or about October 14, 2011 (namely, during the period from October 14, 2011 through May 3, 2012), and:

    (1)    sold prior to the close of trading on September 7, 2012,[3] the Recognized Loss per share is:

        a.    the purchase price per share, not to exceed the $15.00 per share IPO price,

        *minus*

        b.    the sales price per share;

    (2)    sold after the close of trading on September 7, 2012 and before the close of trading on April 25, 2013, the Recognized Loss per share is:

        a.    the purchase price per share, not to exceed the $15.00 per share IPO price,

        *minus*

        b.    the greater of the sales price per share or $12.03 per share (September 7, 2012 closing price).

    (3)    held as of the close of trading on April 25, 2013, the Recognized Loss per share is zero.

---

[3] September 7, 2012 is the date this Action was started, which is one of the elements for calculating damages under the 1933 Act.

## C. Additional Provisions

If a Settlement Class Member made multiple purchases, acquisitions, or sales of Ubiquiti common stock during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's purchases and acquisitions to their sales using the first-in-first-out (the "FIFO") method. Under the FIFO method, sales will be matched against purchases or acquisitions in chronological order, beginning with the earliest purchase or acquisition made during the Class Period.

Purchases or acquisitions and sales of Ubiquiti shares shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of shares during the Class Period shall not be deemed a purchase, acquisition, or sale of shares for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such shares during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment. The conversion of Ubiquiti's Series A preferred stock to common stock does not constitute a purchase or acquisition of Ubiquiti common stock pursuant and/or traceable to the Company's IPO. Any claimant that sold Ubiquiti common stock "short" will have no Recognized Loss with respect to such purchase during the Class Period to cover said short sale.

The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Payment according to this Plan of Allocation will be deemed conclusive against all Authorized Claimants. Recognized Losses will be calculated as defined herein by the Claims Administrator and cannot be less than zero.

Distributions to eligible Authorized Claimants will be made after claims have been processed. After an initial distribution of the Net Settlement Fund, if there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, re-distribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. These re-distributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible to distribute to Authorized Claimants. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, shall be donated in equal amounts to Bay Area Legal Aid and Consumer Federation of America.

Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the Northern District of California with respect to his, her, or its claim.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased the publicly traded common stock of Ubiquiti during the Class Period for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such shares during such time period; or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and WITHIN SEVEN (7) CALENDAR DAYS mail the Notice and Proof of Claim form directly to the beneficial owners of that security. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed. Upon timely compliance with the above requirements, you are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Ubiquiti Networks Securities Litigation*
c/o GCG
P.O. BOX 10484
Dublin, OH 43017-4084
(844) 402-8574
info@ubiquitisecuritieslitigation.com
www.ubiquitisecuritieslitigation.com

Dated: September 27, 2017

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA