| | |
|---|---|
| 1 | ROBBINS GELLER RUDMAN |
| |   & DOWD LLP |
| 2 | CHRISTOPHER P. SEEFER (201197) |
| | DANIEL J. PFEFFERBAUM (248631) |
| 3 | Post Montgomery Center |
| | One Montgomery Street, Suite 1800 |
| 4 | San Francisco, CA 94104 |
| | Telephone: 415/288-4545 |
| 5 | 415/288-4534 (fax) |
| | chriss@rgrdlaw.com |
| 6 | dpfefferbaum@rgrdlaw.com |
| 7 | LABATON SUCHAROW LLP |
| | JONATHAN GARDNER |
| 8 | MICHAEL P. CANTY |
| | ROGER W. YAMADA |
| 9 | 140 Broadway |
| | New York, New York 10005 |
| 10 | Telephone: 212/907-0700 |
| | 212/818-0477 (fax) |
| 11 | jgardner@labaton.com |
| | mcanty@labaton.com |
| 12 | ryamada@labaton.com |
| 13 | *Lead Counsel for Plaintiffs* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re UBIQUITI NETWORKS, INC. SECURITIES LITIGATION | ) Master File No. 12-cv-04677-YGR )<br>) CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ) [PROPOSED] ORDER AWARDING<br>) ATTORNEYS' FEES AND EXPENSES<br>)<br>) Re: Dkt. No. 126 |

THIS MATTER having come before the Court on December 19, 2017, for a hearing to determine, among other things, whether and in what amount to award attorneys' fees and litigation expenses to Labaton Sucharow LLP and Robbins Geller Rudman & Dowd LLP ("Lead Counsel") in the above-captioned consolidated securities class action (the "Action"). All capitalized terms used herein have the meanings as set forth and defined in the Stipulation and

Agreement of Settlement, dated as of August 4, 2017 (the "Stipulation"), attached as Exhibit A to the Court's Final Order and Judgment. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the settlement, fee and expense request, and hearing, attached as Exhibit B to the Court's Final Order and Judgment (the "Notice"), was mailed to all reasonably identified Settlement Class Members; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *Business Wire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members who have not timely and validly requested exclusion, Lead Counsel, and the Claims Administrator.

2. Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. Lead Counsel are hereby awarded attorneys' fees of 25% of the Settlement Amount (or $1,700,000), plus interest at the same rate earned by the Settlement Fund, and

payment of litigation expenses in the amount of $111,328.12, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

4. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

5. In making this award of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a common fund of $6.8 million in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Lead Counsel;

(b) The requested attorneys' fees and litigation expenses have been approved as fair and reasonable by the Lead Plaintiffs, which are sophisticated institutional investors that have been directly involved in the prosecution and resolution of the Action and which have a substantial interest in ensuring that any fees paid to plaintiffs' counsel are duly earned and not excessive;

(c) More than 16,900 copies of the Notice were disseminated to potential Settlement Class Members reporting that Lead Counsel would request attorneys' fees in an amount not to exceed 25% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses not to exceed $200,000;

(d) There were no objections to the application for attorneys' fees or expenses;

      (e)      Lead Counsel have expended substantial time and effort pursuing the Action on behalf of the Settlement Class;

      (f)      The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

      (g)      Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

      (h)      Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

      (i)      The amount of attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit; and

      (j)      Lead Counsel have devoted more than 4,000 hours, with a lodestar value of $2,732,046.50, to achieve the Settlement.

6. Any appeal or any challenge affecting this Court's approval of any attorneys' fee and expense application shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

7. Exclusive jurisdiction is hereby retained for a period of one year over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

\\

\\

\\

\\

8. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

Dated: December 20, 2017

_____
Honorable Yvonne Gonzalez Rogers
UNITED STATES DISTRICT JUDGE